STATE of Missouri, Respondent,

v.

Joseph M. VIDAURI, Appellant.

No. 45305.

Supreme Court of Missouri.

Division No. 2.

Oct. 8, 1956.

James J. Rankin, St. Louis, for appellant.

John M. Dalton, Atty. Gen., Donal D. Guffey, Asst. Atty. Gen., for respondent.

EAGER, Presiding Judge.

Defendant was indicted jointly with six others for the murder of Walter Lee Donnell during the riot at the Missouri Penitentiary on September 22, 1954. All of the defendants, as well as the deceased, were then inmates of the penitentiary. A severance was granted to defendant, and his case was transferred to St. Charles County upon change of venue. At his trial in September, 1955, he was found guilty of First Degree Murder and sentenced to imprisonment for life. A motion for new trial was filed and overruled and this appeal was taken. No brief has been filed here by appellant.

Our consideration on this appeal is limited to matters raised in appellant's motion for new trial and to the formal parts of the record. 42 V.A.M.S. Criminal Rule 27.20; State v. Ready, Mo., 251 S.W.2d 680; State v. Loston, Mo., 234 S.W.2d 535. The only point made in that motion is that the court erred in denying a motion for mistrial when Lieut. Barton, of the State Highway Patrol, stated concerning defendant: "We had his name as being a participant." It is contended that this statement was "pure hearsay," that it injected Barton's alleged knowledge into the case, that the statement was prejudicial and that it caused "irreparable harm." Since our review is thus limited, it will not be necessary to state the evidence generally. We shall refer only to such parts thereof as affect this particular point. The statement now complained of was made when the witness was testify-

ing concerning the questioning of defendant by officers and the taking of a written statement from him; the prosecutor had said to the witness: "State to the jury and the court under just what circumstances that statement was taken as near as you can recall." The uncompleted answer was: "Vidauri—we had his name as being a participant." The proceedings were immediately halted, and the motion for a mistrial was made out of the presence of the jury. The court, after denying the motion, stated to the witness and the jury: "Sergeant, your first several words were not in response to the question. They were improper and the jury will not consider the statement of the witness."

■ We shall concede, as the trial court did, that the statement was improper; the one remaining question is whether it was so prejudicial as to require a mistrial. Though the statement has been made so often that it has perhaps become tiresome, we repeat here that the trial court must be, and is, allowed a very great amount of discretion in ruling upon a motion for mistrial. State v. Bundy, Mo., 44 S.W.2d 121; State v. Smith, 355 Mo. 59, 194 S.W.2d 905; State v. Wilkins, Mo., 100 S.W.2d 889. It is usually in a much better position than is an appellate court to judge and weigh the supposed adverse or prejudicial effect upon the jury of remarks or testimony; and so doing, it may also better determine what remedy is adequate. Here the trial court promptly, and of its own motion, told the jury to disregard the remark.

In this case there was direct evidence from at least two witnesses implicating this defendant in the murder; one of these testified that defendant told one of the group with which he entered the death row (where Donnell was confined): "I am going with you. I am with you guys all the way"; this witness also testified that defendant was armed with a knife, that defendant was in the death row at

the time someone there was yelling, "Don't kill me; I ain't no snitch,"—and that defendant later came out with the other six men and washed. Another witness was the inmate whose cell was next to Donnell's; the group composed of those jointly indicted here, or at least some of them, made rather strenuous efforts to enter his cell, but were unsuccessful. This witness testified that defendant was armed with a knife and that he, defendant, went into Donnell's cell with the others immediately before the witness heard Donnell yell, "Don't kill me. I ain't no snitch. I ain't done you boys no harm," and then—"Oh! Oh!" followed by a gurgling sound. The written confession of defendant was admitted in evidence, although attacked at the trial by defendant and his counsel. No point is made in the motion for new trial concerning the admission of the confession, so it may be considered here for all purposes. In that confession defendant stated that he knew "they were going down to kill Creighton and kill Donnell." He further stated therein that he entered Donnell's cell with the others and that after various injuries had been inflicted on Donnell by others he, the defendant, "hit him with a club"; he also stated: "I guess I must have hit Donnell about three or four times."

■ Under such circumstances the remark of the witness Barton could only have been cumulative and we hold that the action of the trial court was in no event prejudicial. Compare: State v. Wilson, Mo., 286 S.W.2d 756, 758; State v. Watson, 329 Mo. 158, 44 S.W.2d 132; State v. Reich, 293 Mo. 415, 239 S.W. 835; State v. Pollnow, Mo., 14 S.W.2d 574.

■ Moreover, since the denial of the motion for a mistrial was a ruling well within the discretionary range permitted to the trial court, there was no error. We have examined the indictment, the verdict, and the judgment and sentence; they are

sufficient. Defendant was regularly afforded allocution. The judgment and sentence will be, and they are hereby, affirmed. It is so ordered.

STORCKMAN, J., and JAMES W. BROADDUS, Special Judge, concur.

LEEDY, J., not sitting.