**STATE of Missouri, Respondent,**

v.

**Paul Edward KENTON, Appellant.**

No. 45219.

Supreme Court of Missouri,

Division No. 1.

Feb. 11, 1957.

HOLLINGSWORTH, Presiding Judge.

Defendant has appealed from a sentence of life imprisonment for the crime of murder in the first degree. The case arose out of a riot at the State Penitentiary on the night of September 22, 1954, following which defendant and six other inmates were indicted for the murder of a fellow inmate, Walter Lee Donnell. See State v. Laster, Mo.Sup., 293 S.W.2d 300, and State v. Vidauri, Mo.Sup., 293 S.W.2d 955. Upon application of defendant, a change of venue was granted to the Circuit Court of Franklin County, where, on the 25th day of April, 1955, counsel of defendant's choice was appointed to represent him and the cause was set for trial on July 11, 1955. Trial to a jury resulted in a verdict being returned into open court on July 13, 1955, finding defendant guilty of murder in the first degree and assessing his punishment at life imprisonment. Upon return of the verdict, and on the same date, defendant requested and was granted the maximum extension of time of thirty days in addition to the ten days unconditionally allowed all defendants within which to file motion for new trial, all as is provided by S.Ct. Rule 27.20, 42 V.A.M.S. However, de-

fendant did not file the motion until forty-two days after the return of said verdict, to wit: Wednesday, August 24, 1955, and no action was ever taken upon it by the court.

Obviously, the filing of the motion out of time was violative of Rules 27.20, 31.01 and 31.02 and, as we have repeatedly held, it was a nullity and preserved nothing for review. State v. Clark, Mo.Sup., 277 S.W.2d 593, 600 [7]; State v. Ash, Mo. Sup., 286 S.W.2d 808, 812 [9].

Defendant has filed no brief but we have carefully reviewed the sufficiency of the indictment, the verdict, judgment and sentence, as is required by S.Ct. Rule 28.02, and other record matters determinative of the validity of defendant's conviction.

The identical indictment under which defendant was charged and convicted has been twice approved. See State v. Laster, Mo.Sup., 293 S.W.2d 300, 307 and State v. Vidauri, Mo.Sup., 293 S.W.2d 955, 956. It is also in form and substance many times approved and is sufficient. State v. Reagan, Mo.Sup., 108 S.W.2d 391, 395 [1–3]. The verdict does not specifically state that defendant's life imprisonment is to be served· in the State Penitentiary, but its meaning is clear and the omission does not affect its validity. State v. Herman, Mo.Sup., 280 S.W.2d 44, 46 [6]. It is, therefore definite and responsive to the issues and is within the range of punishment prescribed by statute for the crime of murder in the first degree. Sections 559.010, 559.030 RSMo 1949, V.A.M.S.; State v. Perry, Mo.Sup., 233 S.W.2d 717, 720 [3–5]. Defendant, with his counsel, was personally present at all stages of the trial and on September 6, 1955, while personally present with counsel, was granted allocution, following which judgment was rendered and he was sentenced in conformity with the verdict.

No error of record appearing, the judgment and sentence are affirmed.

All concur.