**STATE of Missouri, Respondent,**

v.

**Joseph M. VIDAURI, Appellant.**

No. 46020.

Supreme Court of Missouri. Division No. 1.

Oct. 14, 1957.

438

No brief filed for appellant.

John M. Dalton, Atty. Gen., Julian L. O'Malley, Asst. Atty. Gen., for respondent.

VAN OSDOL, Commissioner.

Defendant, Joseph M. Vidauri, was convicted of perjury and his punishment assessed by the jury at seven years in the state penitentiary. Sections 557.010 and 557.020 RSMo 1949, V.A.M.S. He has appealed from the ensuing judgment, but has filed no brief herein. We shall look to his motion for a new trial for assignments of contended errors.

The instant case ultimately arose out of the riot at the Missouri State Penitentiary, September 22, 1954, in which one Walter Lee Donnell was murdered. Defendant and six others were indicted for the homicide, and defendant upon severance and trial in September, 1955, was found guilty of murder in the first degree and sentenced to imprisonment for life. Upon appeal to this court, the judgment of conviction of mur-

der in the first degree was affirmed. State v. Vidauri, Mo.Sup., 293 S.W.2d 955.

While the homicide case was pending in the Circuit Court of Cole County, defendant filed his "Motion for Production of Statements for Inspecting, Examining, Copying and/or Photographing" by which he sought the production of a typewritten statement in which defendant purportedly admitted participation in the murder of Donnell, which statement, according to the motion, was "alleged by the said Prosecuting Attorney to have been made and signed by" defendant. The motion stated that defendant had stated to his attorney that he, movant, had never signed such statement. The motion was heard in the Circuit Court of Cole County, January 12, 1955.

The information in the instant case averred that defendant committed perjury in the hearing on said motion by stating under oath that he did not sign any statement admitting any part in the homicide.

In the trial of the instant case, the Honorable Sam C. Blair, testified that he, as presiding officer of the Circuit Court of Cole County, heard the evidence introduced in support of defendant's motion to produce; that defendant was duly sworn as a witness; and that defendant was asked if he had signed any statement, to which question the defendant gave the answer "no." The official court reporter of the Circuit Court of Cole County read from his notes taken at the hearing on the motion. Such reading tended to show that defendant was asked if he had signed any statement admitting any part in the homicide, and that defendant had answered "no" to such question when asked of him by his counsel, and had also made the same answer when questioned by the Circuit Judge. The State introduced evidence tending to show that defendant had in fact signed such statement. This evidence consisted principally of the testimony of officers who testified they saw defendant sign. Defendant, who testified in the trial of the homicide case as well as in the trial of the instant case, admitted the

fact he had signed his name to the statement, but he testified that "I had forged my name with my left hand." On cross-examination defendant stated that, in testifying upon the hearing on the motion to produce, he was following his attorney's instructions to give "yes" or "no" answers and had not, at the time, defined his conception of a signature or of a forgery. Defendant also proffered evidence tending to show that when he signed the statement he was in a weakened condition, having been kicked and beaten by the questioning officers; that he signed with his left hand to free himself of physical torture being inflicted upon him; and that when he had testified "no" in support of the motion to produce he meant the signature was "not my signature, legally." The trial court refused defendant's proffer of this evidence and, herein, defendant-appellant contends the trial court's exclusion of such evidence was error, and that instructions in effect submitting as a defense the facts which the proffered evidence would have tended to support were erroneously refused. These contentions are ruled adversely to defendant-appellant.

■ The evidence offered by defendant that he was physically punished and abused when the statement was signed no doubt was proper on the issue of "voluntariness" of the statement as a confession upon defendant's trial in the homicide case; but, in the instant trial of defendant on the charge of perjury, the issue was the falsity of defendant's testimony in support of the motion to produce that he had not signed the statement. On this issue, the evidence introduced by the State was substantial in tending to prove that defendant had signed and in tending to prove defendant had testified under oath, in support of the motion to produce, that he had not signed. As stated, he sought to interpose a defense by his testimony of his mental reservation in the asserted circumstances of the signing and by his testimony of the subterfuge of signing with the left hand, so that by his testimony that he did not sign the statement he had meant that he did not intend to "legally

sign" and, consequently, his testimony in support of the motion to produce was not false.

■■ It is said the very essence of the crime of perjury is wilful false swearing to a substantially definite material fact. State v. Brinkley, 354 Mo. 337, 189 S.W.2d 314; State v. Swisher, 364 Mo. 157, 260 S. W.2d 6. In our case the information charged the materiality of the question of whether defendant had signed the statement admitting his participation in the murder of Donnell. The motion to produce, introduced into evidence, shows that movant-defendant stated the ground for the motion was that he had not signed such a statement. Manifestly, defendant's testimony in support of the motion was the factual issue defendant had raised in supporting the motion, and was material in that it affected or could have affected the Circuit Court's decision in ruling the motion. It would seem to follow that the factual issue of falsity of defendant's testimony upon his instant trial for perjury was to be resolved by the jury in a consideration of defend-. ant's answer "no" in the setting of his effort in furthering the design and intent to support the motion to produce by showing he had not signed the statement. In a somewhat analogous situation, it was said that since 'a charge of perjury may not be sustained by the device of lifting a statement of the accused out of its immediate context and thus giving it a meaning wholly different than that which its context clearly shows, it follows corollarially that a defense to a charge of perjury may not be established in that way. Meyers v. United States, 84 U.S.App.D.C. 101, 171 F.2d 800, 11 A.L.R.2d 1, certiorari denied 336 U.S. 912, 69 S.Ct. 477, 93 L.Ed. 1076.

■■ Defendant-appellant complains of the trial court's refusal to grant a continuance. The motion for a continuance was filed October 12, 1956, the date on which the case was set for trial. The record shows the information was filed April 27, 1956. The motion requested a continuance to enable defendant to procure a copy of a transcript on appeal in the homicide case (State v. Vidauri, supra, 293 S.W.2d 955). In the motion defendant stated he verily believed that in order to prepare for trial it was necessary for him to have possession of a copy of the transcript, and that no copy had been made available to him prior to the disposition of the homicide case by this court October 8, 1956; however, the motion further recited that defendant's counsel in the homicide case had been in possession of a copy of the transcript on appeal, pending the appeal of that case, and there was no recital or statement of any effort to procure the copy which, as stated, was in the hands of his former attorney. Moreover, the motion does not state in what respect such transcript would aid defendant in his preparation for trial or in the presentation of any defense. The granting or refusal of a continuance rests largely within the discretion of the trial court. State v. Jones, Mo. Sup., 221 S.W.2d 137; State v. Messino, 325 Mo. 743, 30 S.W.2d 750. We are of the opinion the trial court did not abuse its discretion in refusing to grant the continuance.

The information was sufficient in form and substance. The verdict was sufficient in form and responsive. Allocution was afforded and judgment and sentence entered and pronounced.

The judgment should be affirmed.

It is so ordered.

COIL and HOLMAN, CC., concur.

PER CURIAM.

The foregoing opinion by VAN OSDOL, C., is adopted as the opinion of the court.

All of the Judges concur.