**STATE of Missouri, Respondent,**

v.

**Lester KING, Appellant.**

**No. 50009.**

Supreme Court of Missouri,

Division No. 1.

Jan. 13, 1964.

Rehearing Denied Feb. 10, 1964.

Thomas F. Eagleton, Atty. Gen., Jefferson City, Edward A. Glenn, Sp. Asst. Atty. Gen., Louisiana, Mo., for respondent.

WELBORN, Commissioner.

This is an appeal by Lester King from a judgment of conviction in the Saline County Circuit Court on a charge of offering violence to a guard of the Department of Corrections, an offense defined by Section 216.460, RSMo 1959, V.A.M.S. A jury found the appellant guilty and the court, acting under the Habitual Criminal Act, fixed his punishment at five years in prison. After a motion for new trial had been overruled, an appeal was taken to this court. Appellant was represented by court-appointed counsel in the circuit court. No brief has been filed on behalf of appellant in this court and we, therefore, on this appeal consider the matters in his motion for new trial which properly preserved questions for review.

Section 216.460, RSMo 1959, V.A.M.S., under which the appellant was charged, reads as follows:

"If several prisoners combine or any single prisoner offers any violence to any officer, guard or employee of the state department of corrections, or to any inmate, or does or attempts to do any injury to any building or workshop, or other property, each of such persons is guilty of a felony, and upon conviction thereof shall be punished by im-

prisonment in an institution to which he may be assigned by the state department of corrections for not less than two nor more than five years."

The information filed in the Cole County Circuit Court charged that, on December 24, 1961, the appellant, acting with fellow convicts, Rollie Laster, Jacob Eugene Weinrich and Thomas Wendell Rea, feloniously offered violence to John Iven, a guard at the Department of Corrections, by threatening him with bodily harm by means of knives which they held in their hands. Upon application of three of the defendants, including the appellant, change of venue to the Saline County Circuit Court was ordered on April 16, 1962. On May 14, 1962, the Saline County Circuit Court appointed two members of the Saline County Bar to represent the defendants. On November 20, 1962, on motion of the appellant, separate trials were ordered and his case set for trial January 15, 1963.

At the trial, the state's evidence showed the appellant had been convicted in the Cole County Circuit Court, on change of venue from Phelps County, of robbery, first degree, in November, 1955, and sentenced to fifteen years' imprisonment and that, on December 24, 1961, he was confined in the Missouri State Penitentiary under that sentence.

John Iven, a guard at the Penitentiary, testified that, as a part of his duties, he drove a truck into the Penitentiary proper, on December 24, 1961, to pick up a load of bread for L-Hall, which is located outside the Penitentiary walls. After picking up an inmate driver inside the walls, he proceeded to the loading dock. While Iven waited on the dock for the driver to go to the bakery and pick up the bread, King, Laster, Rea and Weinrich surrounded him, with King and Laster standing in front of him, each holding a "shiv", or homemade knife, in Iven's side. Iven was ordered by the men to go to a toilet where they demanded his keys and whistle. When Iven told them that the driver had the keys, ap-

pellant ordered him to take off his overcoat, jacket and shirt, which were searched for the keys. When the driver returned to the dock, he was seized and brought to the toilet and the keys taken from him. Iven was then ordered by King to put his clothes on and was told by him "we are going out of here—you are going to drive us." According to Iven, King put the blade to Iven's back and marched him to the truck. King opened the door and, holding the blade in his hand, told Iven to get in. When Iven delayed, King shoved him into the seat and King got in under the wheel with the other three inmates in the rear of the truck. The truck was driven to a remote spot where the convicts tried to figure out where they would ride in the truck. One got in the bread box and Laster lay down on the floor boards by the front seat where he held a "shiv" on Iven. Iven was ordered by King and Laster to "drive them out of the penitentiary." Iven drove to a tunnel gate where he stopped, telling Laster he had to get clearance to go through the tunnel. He turned off the ignition and ran to the tunnel door where a guard was stationed. He told the guard he was in trouble and called the Control Center. Subsequently, the four participants were apprehended, identified by Iven and charged with the offense here involved and also charged with attempted escape, in violation of Section 557.351, RSMo 1959, V.A.M.S.

One of the matters raised by appellant's motion for new trial is a charge of error on the part of the trial court in overruling appellant's motion to quash the information on the grounds that the conviction of appellant on the charge of attempted escape "arose out of and was a part of and merged with the instant charge * * * and for such reason Defendant would be twice in jeopardy if prosecution of Defendant is permitted under the information filed in this cause." The conviction, on October 9, 1962, on the charge of attempted escape, in the Montgomery County Circuit Court on change of venue, was affirmed November 11, 1963. State v. King, Mo., 372 S.W.2d

857. The facts set out in the opinion in that case indicate that the evidence was essentially the same in both cases.[1]

■ In determining whether or not a person may be charged with more than one offense arising out of a single transaction, we adhere to the rule that entirely distinct and separate offenses are not to be held merged because they happen to grow out of the same transaction. State v. Moore, 326 Mo. 1199, 33 S.W.2d 905, 907(4). In that case, the court held that, following a conviction for murder in the first degree for a killing in a robbery, the defendant could still properly be tried and convicted for the robbery. In that case, the court stated: "Murder and robbery are not and cannot be the same offense. It may be that during the same transaction both offenses are committed, yet they remain separate and distinct offenses and are not the same offense." 33 S.W.2d 907.

■ Likewise, attempted escape and offering violence to a prison guard are separate and distinct offenses. Clearly either could be committed without necessarily involving the other. In this case, both were involved in the same transaction. However, just as in State v. Moore, the fact that both were so involved does not produce a merger of the two offenses. Therefore, the motion to quash was properly overruled. See also State v. Bobbitt, 228 Mo. 252, 128 S.W. 953, 959; State v. Chernick, Mo.Sup., 278 S.W.2d 741, 746(2, 3); State v. Ashe, Mo., 350 S.W.2d 768.

Appellant complains that the trial court erred in overruling his motion for a continuance to permit study of his physical and mental condition. As above mentioned, counsel for appellant were appointed by the Saline County Circuit Court on May 14, 1962. On November 20, 1962, after separate trials had been ordered, appellant's trial was set for January 15, 1963. On January 14, 1963, appellant's counsel filed a motion for continuance, alleging that "said Defendant is incapable by reason of his mental and physical condition and disabilities of adequately advising with his said attorneys and is incapable thereby of adequately preparing his defenses to the above and foregoing charge." The motion further requested the court to appoint physicians to make a physical and mental examination of the defendant prior to the trial. The motion was taken up by the court on January 15. When appellant's counsel were asked whether or not they wished to be heard on the motion, they replied that they had nothing to add to it and that the motion spoke for itself. The court thereupon overruled the motion for continuance. At the trial, appellant's witnesses, five of his fellow inmates of the Penitentiary, each testified that, on the date of the offense, appellant was incapable of distinguishing between right and wrong. They based their opinions on the appellant's actions, which included his reporting that he heard voices and his fear that his food contained poison.

■ The rule is well settled that the granting of a continuance in a criminal case is primarily a matter within the discretion

1. In the escape case, appellant was charged with attempting to escape by "forcing one John Iven by threats of bodily harm to drive a truck through the penitentiary yard * * * through the penitentiary gates * * *." Section 557.400, RSMo 1949, V.A.M.S., defined the offense of attempting to escape from the Penitentiary by force or violence to any person. Attempts without force were punishable under the attempt statute. Section 556.150, RSMo 1959, V.A.M.S. See State v. Crouch, Mo.Sup., 316 S.W.2d 553. In 1959, Section 557.400 was repealed and Section 557.351 enacted, defining the offense of escaping or attempting to escape from institutions of the Department of Corrections. Laws of Mo., 1959 H.B. 10. The present statute does not distinguish between attempts to escape by force or violence and attempts without force or violence. The charge in appellant's case was under the new statute. Therefore, the element of threat of bodily harm to the guard was not an essential element of the charge in that case.

of the trial court. Its action is not to be interfered with in the absence of abuse of discretion. State v. Vidauri, Mo.Sup., 305 S.W.2d 437, 440(4, 5); State v. Scott, Mo. Sup., 338 S.W.2d 873, 876(4–6). Here there was no showing offered in support of the request for a continuance. The trial court was not bound to accept the allegations of the motion. State v. Richardson, Mo.Sup., 343 S.W.2d 51, 54(5); State v. Le Beau, Mo.Sup., 306 S.W.2d 482, 486 (1–4). Appellant delayed until the day before the setting for trial his request for a continuance. Surely, if the appellant had been unable to advise with his attorneys, that fact would have been apparent prior to that date. Furthermore, the court had, at appellant's request, ordered writs of habeas corpus ad testificandum for five inmates of the prison as witnesses in his behalf. Certainly the appellant's ability to name such persons negated the contention that his mental condition was such that no defense for him could be prepared. The witnesses whom appellant requested did appear and did testify on his behalf. They testified in support of the defense on insanity and some of them also to an alibi on behalf of appellant.

■ Under all of the circumstances, we cannot say that the action of the trial court, in overruling appellant's motion for continuance, was an abuse of the court's discretion.

■ A third allegation of appellant's motion for new trial is that the verdict is contrary to the weight of the evidence because five witnesses on behalf of appellant testified to his lack of mental capacity whereas the state offered no evidence on the subject. Therefore, according to appellant, the verdict of the jury was contrary to the court's instruction on the issue of insanity. The burden of proving the defense of insanity by preponderance of the evidence was upon the appellant. State v. Barton, 363 Mo. 991, 255 S.W.2d 752, 755(1). "The issue as to defendant's sanity at the time of the alleged offense was for the jury.

State v. Quilling, Mo.Sup. [363 Mo. 1016] 256 S.W.2d 751." State v. Barton, 255 S.W.2d 755. The jury had the right to believe or disbelieve appellant's witnesses. Obviously they chose the latter course and they were not obliged to do otherwise. State v. Bannister, Mo.Sup., 339 S.W.2d 281, 282(3).

■ Appellant's fourth assignment in his motion for new trial "that the verdict is against and contrary to the law under the evidence" presents nothing for review. Supreme Court Rule 27.20, V.A.M.R. State v. Mansker, 339 Mo. 913, 98 S.W.2d 666, 672(7).

Appellant alleges that the conduct of the prosecuting attorney in the course of the trial was prejudicial to the rights of the appellant in four respects.

■ The first is that, while the jury was in the jury box, the prosecuting attorney "paraded into the jury room five defense witnesses handcuffed, manacled and shackled with arms interlocked with the intent and purpose of creating in the minds of the jury that the defense witnesses were unreliable." The transcript is silent with respect to such an occurrence other than for what is found in the motion for new trial. The allegations of such motion do not prove themselves. Therefore, this objection is not before the court for review. State v. Garcia, Mo.Sup., 357 S.W.2d 931, 935(8); State v. Smith, Mo.Sup., 298 S.W. 2d 354, 356(2); State v. Whitaker, Mo. Sup., 312 S.W.2d 34, 37(2).

Appellant complains of the reference by the prosecuting attorney in his opening statement to the prior conviction of the appellant. The prosecuting attorney, in outlining the state's case, stated that the evidence would show that appellant had been convicted and was serving a 15-year term for first degree robbery. Appellant's counsel objected on the grounds that such prior conviction was beyond the issues of the case.

■ The prosecuting attorney in his opening statement is entitled to relate what

the evidence to be produced by the state will properly show. State v. Gerberding, Mo.Sup., 272 S.W.2d 230, 235(13). Reference to other criminal acts or convictions is not erroneous where evidence of such acts or convictions is relevant to the charge on which the defendant is being tried and the evidence is thereby admissible. State v. Gerberding, supra. Here the prosecution was for an offense which could be committed only by a prisoner of the Department of Corrections. Evidence to show that the appellant was within the purview of the statute was correctly admissible. The best evidence of such fact would necessarily be the record of his conviction and testimony concerning his confinement thereunder. Since the evidence was admissible, the prosecuting attorney could properly refer to it in his opening statement.

■ Related to this objection is a further objection to evidence concerning the appellant's prior conviction. The objection is that the prosecuting attorney "did during the entire trial from the voir dire to the closing arguments repeatedly refer to in the presence of the jury the prior convictions of the defendant Lester King." The objection is that the matter of prior conviction was, under the Habitual Criminal Act (Section 556.280, RSMo 1959, V.A.M.S.), a matter for the court only and that the repeated references to it by the prosecuting attorney in the presence of the jury created bias and prejudice against the appellant in the minds of the jurors. Appellant was charged and tried under the Habitual Criminal Act. In accordance with the procedure now prescribed, evidence of his prior conviction was first heard by the court out of the presence of the jury. We find no reference in the voir dire examination by the prosecuting attorney to appellant's prior conviction. It was, as above mentioned, referred to in his opening statement and the judgment of conviction was introduced in evidence. However, we do not find "repeated" reference to such conviction nor was there any reference to it in the closing argument. As above stated, such evidence was relevant in this case. The procedure of the Habitual Criminal Act does not preclude the presentation to the jury of evidence of a prior conviction insofar as such evidence is relevant to some issue other than the application of the Habitual Criminal Act.

■ Appellant's final objection is to the closing argument of the prosecuting attorney. He complains that the prosecuting attorney argued that the State of Missouri would not have gone to the trouble and expense of trying the appellant unless "the defendant was guilty" and that such argument was prejudicial and contrary to the presumption of innocence which favored the appellant. We do not find the exact argument of which the appellant complains. In his closing argument, the prosecuting attorney did say: "And, King is the fourth member in this attempted escape. Why do you think the State goes to all of the trouble to file charges against him, come all the way up here, spending so much being up here, bringing any witnesses up here, then spending all the time, and Mr. Jenkins' time; if he is not the fourth member, we are sure wasting the tax payer's money." However, no objection was made to this argument. Therefore, nothing is preserved for review with reference to it. State v. Smith, Mo.Sup., 324 S.W.2d 702, 706(4); State v. Burns, Mo.Sup., 328 S.W.2d 711, 713(3). Certainly the argument was not so glaringly offensive or prejudicial as to excuse appellant's failure to object. State v. Goodwin, Mo.Sup., 352 S.W.2d 614, 620 (7, 8).

The matters of record (Supreme Court Rule 28.02, V.A.M.R.) have been examined and no error appears therein.

The judgment is affirmed.

COIL and HOUSER, CC., concur.

PER CURIAM.

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

All of the Judges concur.