■

**STATE of Missouri, Respondent,**

v.

**Vernie E. MARTIN, Appellant.**

**No. 52218.**

Supreme Court of Missouri,
Division No. 1.

Feb. 13, 1967.

Lewis E. Pierce, Robert G. Duncan, Pierce, Duncan, Beitling & Shute, Kansas City, for appellant.

Norman H. Anderson, Atty. Gen., Jefferson City, Edward P. McSweeney, Sp. Asst. Atty. Gen., Clayton, for respondent.

WELBORN, Commissioner.

This is an appeal from a judgment and sentence entered on a jury's verdict finding appellant guilty of robbery in the first degree and fixing his punishment at five years' imprisonment.

The charge involved a holdup at a service station in Kansas City. The station attendant was accosted by two men, one of whom had a pistol which he pointed at the attendant and said, "Let's have the money." Some $46.00 in currency and the attendant's changer were taken by the intruders. The second, unarmed and identified by the attendant as the appellant, ordered the attendant into the restroom. The robbers departed in an automobile and were apprehended by the police shortly after the occurrence. Appellant's admission of his involvement was introduced into evidence.

On this appeal, the first assignment of error relates to the failure of the trial court to appoint counsel for appellant at his arraignment at which appellant pled not guilty. However, no exception to such failure appears to have been taken in the trial court, either prior to trial or in appellant's motion for new trial. Therefore, there is nothing preserved for review on this appeal. State v. Collins, Mo.Sup., 394 S.W.2d 368, 372[7]; State v. Ray, Mo.Sup., 354 S.W.2d 840, 842[5].

Appellant suggests that the plain error rule (Criminal Rule 27.20(c), V.A.M.R.) should afford a review of his objection that there was not an intelligent waiver by appellant of counsel on arraignment. The record recites an offer to appoint counsel and the finding by the court of an intelligent waiver of a right to counsel. No objection regarding the waiver having been called to the attention of the trial court, we decline to review appellant's objection on this appeal.

Appellant also invokes the plain error rule as the basis for his third and fourth assignments of error. The third objection relates to the court's failure to instruct the jury that the statement of his coparticipant, used to impeach the latter when called as a witness by appellant, should be given effect only for purpose of impeachment. No objection on this ground appears in the motion for new trial. See State v. Collins and State v. Ray, supra. Nor was any such instruction offered by appellant. See State v. White, Mo.Sup., 263 S.W. 192, 195[12]; State v. Gatlin, 170 Mo. 354, 70 S.W. 885, 891; State v. Chaney, Mo.Sup., 349 S.W.2d 238. The fourth assignment of error relates to alleged prejudicial oral argument by the prosecuting attorney. No objection was made at the time of the allegedly prejudicial argument. See State v. Martin, Mo.Sup., 346 S.W.2d 71, 73[5, 6]. Neither of the mat-

ters calls for review under the plain error rule.

 Appellant's final assignment of error relates to the introduction into evidence of a prior statement of the victim of the robbery over appellant's objection that there was no proper basis for the admission of the statement in evidence. Appellant did object to the introduction of the statement when it was admitted, but failed to point out specifically the court's ruling in his motion for new trial, as required by Criminal Rule 27.20(a). Therefore, the matter is not preserved for review and again is not such as would be reviewable under the plain error rule.

We find no error in the matters of record reviewed pursuant to Criminal Rule 28.02, V.A.M.R.

The judgment is affirmed.

HOUSER and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

All of the Judges concur.