**STATE of Missouri, Respondent,**

v.

**Theron KING, Appellant.**

**No. KCD 27219.**

Missouri Court of Appeals,
Kansas City District.

July 7, 1975.

Motion for Rehearing and/or Transfer
Denied Aug. 5, 1975.

Gerald M. Handler, Acting Public Defender, 16th Judicial Circuit, Robert A. Simons, Asst. Public Defender, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Robert Presson, Asst. Atty. Gen., Jefferson City, Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, for respondent.

Before WASSERSTROM, P. J., and SHANGLER and DIXON, JJ.

WASSERSTROM, Presiding Judge.

Defendant appeals from a conviction of robbery in the first degree in a court tried case. His sole point made on this appeal is: "The finding by the trial court in its function as trier of fact that appellant was not suffering from a mental disease or defect at the time the crime was committed was clearly against the weight of the credible evidence."

This point presents nothing for review. *State v. Cannon*, 486 S.W.2d 212 (Mo.1972);

*State v. Tschirner,* 504 S.W.2d 302, 308 (Mo. App.1974).

Wholly apart from that procedural objection, defendant's point has no merit. Our statute creates a presumption of freedom from mental defect and the burden of proof is upon defendant to overcome that presumption by substantial evidence. § 552.030(7), RSMo 1969, V.A.M.S.; *State v. Holmes,* 439 S.W.2d 518, 521 (Mo.1969); *State v. King,* 375 S.W.2d 34, 38 (Mo.1964); *State v. Bacon,* 501 S.W.2d 499 (Mo.App. 1973). Defendant did introduce evidence in the form of testimony by a psychiatrist that defendant suffered from a personality disturbance which led to a disassociative reaction and which prevented defendant from differentiating from right and wrong and also prevented him from controlling his behavior. This diagnosis was contradicted by the testimony of a psychiatrist offered by the State. The trial court chose to believe the State's psychiatrist rather than that of the defense psychiatrist, and this choice has now become binding. Rule 26.01(b), V.A. M.R.; *State v. Hatfield,* 465 S.W.2d 468 (Mo.1971).

Even if the State had offered no testimony to contradict that of the defense expert, the trial court was not required to accept and follow that expert testimony. *State v. Quilling,* 256 S.W.2d 751, 752–753 (Mo banc 1953); *State v. King, supra.* The trial court specifically stated that the testimony of the defense psychiatrist "was not persuasive in the Court's mind." In view of that, the statutory presumption which remained in the case was alone sufficient to support the conviction.

Affirmed.

All concur.