STATE of Missouri, Respondent,

v.

Ozell WEST, Appellant.

No. KCD 29701.

Missouri Court of Appeals,
Kansas City District.

Dec. 27, 1978.

Clifford A. Cohen, Public Defender, Kevin R. Locke, Asst. Public Defender, Kansas City, for appellant.

John D. Ashcroft, Atty. Gen., Weldon W. Perry, Jr., Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

SOMERVILLE, Presiding Judge.

In this bench tried case the judge found defendant guilty of murder in the second degree (Section 559.020, RSMo 1969) and sentenced him to thirty years imprisonment.

The sole point relied on by defendant on appeal is cast in the following language: "The trial court erred in failing to acquit appellant of the crime charged by reason of mental disease or defect excluding responsibility insofar as appellant proved by a preponderance or greater weight of the credible evidence that he was suffering from such a mental disease or defect at the time he shot Hercules Purtty." Stripped of all excess verbiage, and after certain syntactic restructuring, this point simply charges that the verdict returned by the trial court was against the weight of the evidence with respect to defendant's interposed defense of mental disease or defect excluding responsibility.

Before addressing defendant's single point, a highly abbreviated synopsis of the facts is both adequate and appropriate as defendant has not challenged the sufficiency of the evidence to sustain his conviction. On the morning of November 23, 1975, following a party the preceding night at defendant's apartment in Kansas City, Missouri, the deceased, while in the process of leaving, was fatally shot in the back of the head by defendant with a .12 gauge shotgun.

Returning to defendant's single point on appeal, defendant timely and properly interposed the defense of mental disease or defect excluding responsibility (Section 552.030, RSMo 1969). In support thereof he called a psychiatrist as one of his trial witnesses to testify as a medical expert on his behalf. Suffice it to say, the psychiatrist testified that in his opinion defendant was suffering from a mental disease when the homicide in question was committed. The state offered no contradictory or countervailing expert medical testimony, and therein lies the crux of defendant's single point of error on appeal.

In pressing his point on appeal defendant studiously avoids the cold, authoritative reality of certain portions of Section 552.030.-7, RSMo 1969: "All persons are presumed to be free of mental disease or defect excluding responsibility for their conduct, whether or not previously adjudicated in this or any other state to be or to have been insane, drunkards, drug addicts, sexual or

social psychopaths, or otherwise mentally ill, incompetent, deranged or impaired. *The issue of whether any person had a mental disease or defect excluding responsibility for his conduct is one for the jury to decide upon the introduction of substantial evidence of lack of such responsibility.* But in the absence of such evidence the presumption shall be conclusive. *Upon the introduction of substantial evidence of lack of such responsibility, the presumption shall not disappear and shall alone be sufficient to take that issue to the jury. . . ."* (Emphasis added.) Even before the enactment (Laws 1963) of Section 552.030.7, supra, the Supreme Court held in *State v. Quilling*, 363 Mo. 1016, 256 S.W.2d 751, 752–53 (banc 1953), that notwithstanding the absence of contradictory or countervailing expert medical testimony, opinion evidence by an accused's own expert medical witnesses as to his insanity was not conclusive but merely entitled to such weight as the trier of fact concluded it should be given. In a sense, statutory enactment of the emphasized portions of Section 552.030.7, supra, may be said to be a codification of the then existing common law rule. Since the enactment of Section 552.030.7, supra, the relatively few cases addressing this issue have consistently pointed out that even in the face of substantial expert medical evidence that the accused was suffering from a mental disease or defect excluding responsibility at the time the crime was committed, and absent contradictory or countervailing expert medical evidence offered by the state,

the statutory presumption of sanity remained in the case and carried the issue of mental disease or defect excluding responsibility to the trier of fact for resolution. *State v. Greenhaw*, 553 S.W.2d 318, 322–23 (Mo.App.1977); and *State v. King*, 526 S.W.2d 58, 59 (Mo.App.1975). The emphasized portions of Section 552.030.7, supra, and the cited cases preceding and succeeding its enactment are true to the long accepted principle that the credibility of witnesses and the weight of their testimony are within the decisional domain of the trier of fact and are not subject to review on appeal. *State v. Wright*, 476 S.W.2d 581, 584 (Mo.1972); *State v. Small*, 423 S.W.2d 750, 751 (Mo.1968), and *State v. Tschirner*, 504 S.W.2d 302, 308 (Mo.App.1973). Whether the trier of fact be court or jury is immaterial insofar as assessing credibility and weight is concerned. *State v. Simmons*, 494 S.W.2d 302, 303 (Mo.1973), and *State v. Holmes*, 439 S.W.2d 518, 521 (Mo. 1969).

Defendant's single point, being totally devoid of merit, is ruled against him.

Judgment affirmed.

All concur.