STATE of Missouri,
Plaintiff-Respondent,

v.

Gary Lee WOOD, Defendant-Appellant.

No. 47265.

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 26, 1985.

Sharon Montgomery Busch, Lew Anthony Kollias, Columbia, Mark V. Clark, Lee Reneau Elliott, Troy, for defendant-appellant.

John Munson Morris, Asst. Atty. Gen., Jefferson City, Robert Paul McCulloch, Asst. Pros. Atty., Clayton, for plaintiff-respondent.

KAROHL, Presiding Judge.

Defendant, Gary Lee Wood, was court-tried and convicted of burglary in the second degree. § 569.170 RSMo 1978. He was sentenced as a prior offender to seven years imprisonment. Defendant contends on appeal that the trial court erred in: (1) rejecting defendant's affirmative defense of not guilty by reason of mental disease or defect; and, (2) overruling defendant's motion to dismiss for denying defendant's right to a speedy trial. Defendant does not challenge the sufficiency of the evidence. Therefore, a rendition of the facts is unnecessary. Affirmed.

Defendant's first point contends the trial court erred in rejecting defendant's affirmative defense of not guilty by reason of mental disease or defect. Since defendant failed to preserve this issue in his motion for new trial, we review only for plain error. Rule 84.13(c).

Two doctors, including defendant's current treating physician, and a psychiatric social worker, testified at trial on behalf of defendant. Both doctors independently diagnosed defendant as suffering from paranoid schizophrenia. The social worker

worked with defendant prior to and after the crime was committed. All the witnesses testified that defendant was responsive to their questions, that he understood what was said to him and where he was, and that he responded to medication to treat his illness. The record indicates defendant was hospitalized several times for treatment and received treatment regularly on an out-patient basis as well for his illness. However, all the witnesses testified that they had no knowledge of defendant's mental state on the day of the crime, December 21, 1981. Defendant's treating physician testified that he had seen defendant earlier in December and that his symptoms appeared to be in remission. The social worker confirmed that defendant was in remission and had been since July 1981.

■■■ An analysis of this issue must be prefaced by noting that all persons are presumed to be free of mental disease or defect. § 552.030(7) RSMo 1978; *State v. Trask*, 581 S.W.2d 417, 419 (Mo.App.1979). This presumption may be overcome by the defendant's producing substantial evidence to the contrary. *State v. King*, 526 S.W.2d 58, 59 (Mo.App.1975). However, even in the face of substantial expert medical evidence that the accused was suffering from a mental disease or defect excluding responsibility at the time the crime was committed, and absent contradictory or countervailing expert medical evidence offered by the state, the statutory presumption of sanity remains in the case and carries the issue of mental disease or defect to the trier of fact for resolution. *State v. West*, 575 S.W.2d 257, 258 (Mo.App.1978). Credibility of witnesses is a matter for trial court to resolve in a court-tried case and is not subject to review on appeal. *State v. Wright*, 476 S.W.2d 581, 584 (Mo.1972); *Harris v. R. Webbe Corp.*, 669 S.W.2d 578, 579 (Mo.App.1984).

■■■ Applying these principles in a court-tried case we find no error. The defendant failed to sustain the burden of overcoming the presumption of § 552.030(7) RSMo Cum.Supp.1982. The medical experts testified that they had no knowledge of defend-

ant's mental state on December 21, 1983. Also, the defendant's current treating physician testified that one week before the crime defendant was doing very well and he appeared to be in remission. In such case, the statutory presumption is not disturbed and supports the trial court's finding. *State v. Trask*, 581 S.W.2d 417, 419 (Mo.App.1979). There was no abuse of discretion in the court's finding on the mental disease or defect defense. Defendant's evidence was either inadequate or unpersuasive. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

■■■ Defendant's second point contends the trial court erred in denying his motion to dismiss for a violation of the Sixth and Fourteenth Amendments of the United States Constitution. Defendant was arrested on December 21, 1981, and tried on February 28, 1983, a span of 14½ months. The legal file indicates that over half of this period is attributable directly to defendant's requests for continuances, agreements by both parties to continue, and psychiatric exam ordered by the court. There is no showing that the majority of the delays were occasioned by the state. *State v. LaRette*, 648 S.W.2d 96, 101 (Mo. 1983), *cert. denied*, 464 U.S. 908, 104 S.Ct. 262, 78 L.Ed.2d 246, *rehearing denied*, 464 U.S. 1004, 104 S.Ct. 515, 78 L.Ed.2d 702 (1983). Whether a delay in completing a prosecution amounts to an unconstitutional deprivation of rights depends on the circumstances. *Pollard v. United States*, 352 U.S. 354, 361, 77 S.Ct. 481, 485, 1 L.Ed.2d 393 (1957). Defendant relies primarily on the balancing test described in *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 2191, 33 L.Ed.2d 101 (1972). The factors to be balanced are length of delay, reason for delay, defendant's assertion of his right, and prejudice to defendant. *State v. Anderson*, 687 S.W.2d 643, 647 (Mo.App.1985). Prejudice results to defendant by considering the prevention of undue or oppressive incarceration, minimizing anxiety and limiting defendant's ability to defend himself. *State v. Haddix*, 566 S.W.2d 266, 274 (Mo. App.1978). Also to be unconstitutional the

delay must be purposeful and oppressive. *Pollard*, 352 U.S. at 361, 77 S.Ct. at 485. Here the delay was caused in part by defendant. There is no evidence of purposeful or oppressive delay by the state or prejudice to defendant. This point is without merit.

Affirmed.

SIMON and GARY M. GAERTNER, JJ., concur.