## THE STATE v. MATHEWS, Appellant.

### Division Two, March 5, 1907.

1. **CARNAL KNOWLEDGE: Sufficiency of Evidence.** Evidence held sufficient to support the verdict finding defendant guilty of carnal knowledge of an unmarried female of previous chaste character, between fourteen and eighteen years of age.

2. **——: Threats by Defendant: After Crime.** Over defendant's objection the State was permitted to prove by prosecutrix that after the commission of the crime and while the prosecution against defendant was pending in court, he appeared at the hotel where she was staying, opened the door of her room, sprang in and grabbed her, and said, "If you holler, you will never holler again," and then begged her not to go ahead with the case but to live with him as soon as he got a divorce; and that as he left the room he said, "If you ever tell this, you will die." *Held*, that this evidence was properly admitted for the purpose of showing an attempt by defendant, by promises and threats, to dissuade or prevent the prosecuting witness from appearing against him.

3. **NEW TRIAL: Juror: Opinion: No Affidavit.** In support of his motion for a new trial defendant introduced the affidavit of his brother to the effect that affiant had talked with a juror who expressed a desire to be left on the jury, saying he would do the defendant more good than anybody else, and that anyone, under the same circumstances, would have done what defendant had done. *Held*, that, conceding that defendant was prejudiced by leaving on the jury a man who had formed an opinion in his favor, the trial court properly overruled the motion because neither defendant nor his attorney made affidavit that they did not know of the conversation at the time, or prior to the time, defendant made his challenges.

4. **CARNAL KNOWLEDGE Statute Constitutional.** The carnal knowledge statute (sec. 1838, R. S. 1899) is constitutional. [Following State v. Hamey, 168 Mo. 167.]

Appeal from Putnam Circuit Court.—*Hon. Nat. M. Shelton,* Judge.

AFFIRMED.

*Tunnell & Hart* for appellant.

(1) The trial court erred in refusing the instruction in the nature of a demurrer to the evidence offered by the appellant at the close of the evidence. Taking all the evidence together, appellant insists that the verdict of the jury was the result of passion and prejudice on their part, and should not stand. (2) The court erred in permitting the prosecuting witness to testify to an alleged assault by appellant on her at the hotel, long after the time when the crime is alleged to have been committed. (3) A. O. Porter was not a competent juror. (4) Section 1838, Revised Statutes 1899, upon which this action is founded, is unconstitutional, as in conflict with section 28 of article 2 of the Constitution of 1875. State v. Bockstruck, 136 Mo. 385; Ice Co. v. Tamm, 138 Mo. 385.

*Herbert S. Hadley,* Attorney-General, and *N. T. Gentry,* Assistant Attorney-General, for the State.

(1) No error was committed in allowing the State to prove by prosecutrix that defendant came to her room in the hotel, after the filing of the information and during a term of court prior to the trial; that he grabbed hold of prosecutrix, threatened her, told her not to holler, begged her to drop the case and come and live with him; and that he further said, "If you ever tell this, you will die." Fulkerson v. Murdock, 53 Mo. App. 154; State v. Alexander, 119 Mo. 461; Underhill on Crim. Evid., sec. 121; 1 Wigmore on Evidence, secs.

277, 278; 4 Elliott on Evidence, sec. 2712; 1 Greenl. on Evidence, secs. 37 and 195a; State v. Ward, 61 Vt. 194; Allen v. United States, 164 U. S. 500. (2) It is difficult to see how defendant was prejudiced by having on the jury a man who had formed an opinion in his favor. But granting that defendant was prejudiced, there is no affidavit of defendant nor of the attorneys for defendant that they did not know of this conversation at the time of or prior to the time they made their challenges. The law requires the affidavit of defendant and also of his attorneys in regard to the absence of such knowledge. State v. Hunt, 141 Mo. 637; State v. Howard, 118 Mo. 127; State v. Burns, 85 Mo. 47; State v. Phillips, 117 Mo. 394. (3) The evidence was sufficient to warrant a conviction. State v. Day, 188 Mo. 359; State v. Kelley, 191 Mo. 680; State v. McCoullough, 171 Mo. 574. (4) The carnal knowledge statute, section 1838, Revised Statutes 1899, has twice been held to be constitutional by this court. State v. Hamey, 168 Mo. 167; State v. Eubanks, 199 Mo. 122.

BURGESS, J.—At the August term, 1905, of the circuit court of Putnam county, was filed an amended information by the prosecuting attorney of said county charging the defendant, John Mathews, with carnally knowing one Myrtle Husted, an unmarried female of previously chaste character, between the ages of fourteen and eighteen years; and at an adjourned term of said court, commencing October 10, 1905, the trial resulted in the conviction of the defendant, his punishment being assessed at two years in the penitentiary. Within four days thereafter the defendant filed a motion to reduce the punishment upon the ground that it was excessive, which motion was overruled, and the defendant duly excepted. Defendant then filed a motion for a new trial, assigning twenty-five reasons

therefor. This motion was also overruled, and defendant excepted. He then asked leave to file a supplemental motion for a new trial, which was denied by the court, and defendant duly excepted. His motion in arrest of judgment being overruled, defendant appealed.

The State's evidence tended to prove that the defendant was a married man, and lived with his wife and two children less than a quarter of a mile from the home of Myrtle Husted, on land belonging to her father in Putnam county. According to her statement, which was corroborated by other witnesses, she attained to the age of eighteen years on the 23rd day of October, 1904. For some time prior to her reaching that age, the defendant had been making improper advances to the prosecutrix, and, about one month before she became of age, had sexual intercourse with her. The prosecuting witness further testified that defendant tried to have sexual intercourse with her three times prior thereto, but that there was no penetration. This first act of intercourse took place at the home of defendant, while the prosecuting witness was sitting on the side of the bed, her hands being behind her and she leaning back on them. The defendant's wife and children were at the home of Myrtle Husted at this time, which she fixed as the 27th or 28th of September, 1904. Some time in February following, defendant persuaded her to go with him to Iowa, and from there to Kansas, and on to Oregon, promising to get a divorce from his wife and to marry her. In Iowa and at the other places where they visited, defendant and the girl registered at the hotels as husband and wife; she wrote their names on the hotel register, as defendant said he could not write. After defendant had been arrested and brought back to Putnam county, he went to see Myrtle Husted at her room in a hotel, grabbed hold of her and tried to persuade her to drop the case, again promising to marry her. The evidence also tended to prove

that prosecutrix was an unmarried woman at the time of the commission of the crime charged; that she was of previously chaste character, and that the defendant was thirty-four years old. After the defendant had been arrested, in March, 1905, he stated to one James McGee and to Sheriff Crooks that he and Myrtle Husted had been having illicit intercourse for more than a year.

The defendant's evidence tended to prove that, prior to this trouble, he enjoyed a good reputation for morality and as a truthful man. His evidence also tended to prove that the girl had made statements to defendant's relatives contrary to her testimony. Defendant's wife testified to acts of familiarity and impropriety, in which she said prosecutrix indulged in the presence of her and defendant. Defendant introduced two physicians, who testified that, in their judgment, it would have been impossible for the girl and defendant to have had sexual intercourse if she was sitting upon the side of the bed in the manner described by her. Defendant denied having had sexual intercourse with her prior to October 23, 1904, and also denied making the statement in the presence of State's witnesses, McGee and Crooks, to the effect that he had been "doing that" for one year past. Defendant's evidence also tended to prove that prosecutrix was a week older than the age to which she testified.

In rebuttal the State proved by the girl that she never made the statements to defendant's relatives, and had not been guilty of the acts of impropriety, as testified to by them.

At the close of all the evidence defendant asked the court to instruct the jury that under the law and the evidence their finding must be for the defendant, which the court refused to do, and in so doing, the defendant insists, the court committed error. This contention is predicated upon the fact, as defendant

claims, that there was no evidence to take the case to the jury. But we are unable to agree to this, for if the prosecuting witness was to be believed, there was substantial evidence of defendant's guilt, the weight of which evidence was for the consideration of the jury. It is only in case of the absence of substantial evidence to sustain the verdict that this court will interfere. In this case there was not only substantial evidence of defendant's guilt, but the verdict of the jury was approved by the court, and under this state of facts the verdict must stand, unless set aside for some other cause.

Over the objection of defendant, the State was permitted to prove by the prosecuting witness that while the case was pending in court, and during the term next preceding the one at which it was tried, the defendant appeared at the hotel where she was stopping, opened the door of her room, sprang in and grabbed her, and said, "If you holler, you will never holler again," and then begged her not to go ahead with the case, but to live with him as soon as he got a divorce, and that as he left the room he said, "If you ever tell this, you will die." The defendant contends that this testimony was improperly admitted for the reason that it related solely to matters which transpired long after the commission of the alleged offense, and to another crime, that is to say, an assault upon the prosecuting witness. This evidence was, we think, properly admitted for the purpose of showing an attempt upon the part of the defendant, by promises and threats, to dissuade or prevent the prosecuting witness from appearing against him.

The defendant having resorted to unfair means to defeat the ends of justice, he must suffer the consequences. In Fulkerson v. Murdock, 53 Mo. App. l. c. 154, it is said: "Evidence of the fact of an attempted

subornation is admissible as an admission by conduct that the party's cause is an unrighteous one.''

In Underhill on Crim. Ev., sec. 121, it is said: Evidence to show that the accused has attempted to fabricate or procure false evidence, or destroy evidence against himself, . . . . is always admissible as showing a consciousness of guilt.'' [State v. Alexander, 119 Mo. 461.]

The defendant contends that the court erred in not granting him a new trial upon the ground, as stated by defendant, that one of the jurors, A. O. Porter, was not competent to sit as a juror in the case. In support of this contention, in the motion for a new trial, defendant introduced in evidence the affidavit of William Mathews, a brother of the defendant, to the effect that he, the affiant, had talked with said juror, who expressed a desire to be left on the jury, saying he would do the defendant more good than anybody else, and that any one, under the same circumstances, would do what the defendant had done.

Conceding, for the sake of argument, that defendant was prejudiced by leaving on the jury a man who had formed an opinion in his favor, there is no affidavit of the defendant or of his attorneys that they did not know of this conversation at the time, or prior to the time, defendant made his challenges, which would be absolutely necessary in order to justify the court in sustaining the motion upon this ground. [State v. Hunt, 141 Mo. 626; State v. Howard, 118 Mo. 127; State v. Burns, 85 Mo. 47; State v. Richardson, 194 Mo. 326; State v. Barrington, 198 Mo. 23.]

Another contention is that section 1838, Revised Statutes 1899, upon which this prosecution is founded, is unconstitutional as in conflict with section 28, article 2 of the Constitution of this State. This identical question was before this court in the case of State v. Hamey, 168 Mo. 167, and, in a well-considered opinion,

said section was held to be constitutional. We see no good reason for departing from that opinion; upon the contrary, we approve of and adhere to it.

Finding no reversible error in the record, we affirm the judgment.

All concur.