WESTERN ROOFING COMPANY, Appellant, v. SOUTH PARK BAPTIST CHURCH, Respondent.

### Kansas City Court of Appeals, May 17, 1909.

**TRIAL AND APPELLATE PRACTICE: New Trial: Misconduct of Juror: Affidavits.** A motion for new trial set up the misconduct of a juror in talking about the defendant and the case during the progress of the trial, but said motion was not verified by the affidavit of the defendant or its attorneys to the effect that they were ignorant of the misconduct of the juror prior to the submission of the case. *Held*, under the decisions of this State the motion was insufficient and the action of the court in sustaining it was error, since it should have been verified by both the client and attorneys.

Appeal from Jackson Circuit Court.—*Hon. E. E. Porterfield,* Judge.

REVERSED AND REMANDED (*with directions*).

*Leach, Day & Green* for appellant.

(1)   Courts will not receive the affidavits of jurors to impeach their verdict or show their misconduct. Pratte v. Coffman, 33 Mo. 72; Sawyer v. Railroad, 37 Mo. 263; State v. Underwood, 57 Mo. 52; State v. Fox, 79 Mo. 112; State v. Rush, 95 Mo. 199; State v. Robinson, 117 Mo. 666; Devoy v. Transit Co., 192 Mo. 218; Green v. Railway, 211 Mo. 18; State v. Gage, 52 Mo. App. 470; Jobes v. Weaver, 77 Mo. App. 665; Meisch v. Sippy, 102 Mo. App. 559; Dysart v. Reed, 114 Mo. App. 296; Williams v. Montgomery, 648; Bartlett v. Patton, 33 W. Va. 71; Johnson v. Allen, 100 N. C. 131; Long v. State, 95 Ind. 486; In re Merriman's Appeal, 108 Mich. 462; Commonwealth v. White, 147 Mass. 76; Ewing v. Lunn (S. Dak. 1908), 115 N. W. 528; Heldmaier v. Rehor, 118 Ill. 461; Wyckoff v. Railway, 234 Ill. 458; Siemsen v. Railway, 134 Cal. 494.   (2)   It must affirmatively appear in a motion for new trial that the defendant and its counsel

did not know of alleged misconduct before the jury retired to consider their verdict. State v. Burns, 85 Mo. 47; State v. Phillips, 117 Mo. 394; State v. Robinson, 117 Mo. 666; State v. Howard, 118 Mo. 136; State v. Hunt, 141 Mo. 637; State v. Richardson, 194 Mo. 337; State v. Barrington, 198 Mo. 93; State v. Mathews, 202 Mo. 149; Pitt v. Bishop, 53 Mo. App. 604; Cogswell v. State, 49 Ga. 106; Wynn v. Railway, 91 Ga. 349; Grantz v. Deadwood (S. Dak., 1906), 107 N. W. 832; Ewing v. Lunn (S. Dak., 1908), 115 N. W. 528; Bank v. Cooper, 19 Ind. App. 19, 48 N. E. 236; Nye & Schneider Co. v. Snyder, 56 Neb. 757, 77 N. W. 118; Kinneberg v. Kinneberg, 8 N. D. 311, 79 N. W. 337; Selleck v. Turnpike Co., 13 Conn. 453; Grottkan v. State, 70 Wis. 462, 36 N. W. 31, 18 L. R. A., note 474; Richardson v. Foster, 73 Miss. 12, 55 Am. Stat. Rep. 481; Pfeiffer v. Dubuque (Iowa), 94 N. W. 492. (3) A party cannot avail himself of the partiality of a juror to secure a new trial, where he has failed before trial to make necessary inquiries. Collier v. State, 20 Ark. 36; State v. Funck, 17 Iowa 365; George v. State, 39 Miss. 570; Bank v. Leavens, 20 Conn. 86, 50 Am. Dec. 272; Blassingame v. Laurens (S. C., 1908), 61 S. E. 97; Harrington v. Manchester, 62 N. H. 77, 18 L. R. A. 475, note; Pitt v. Bishop, and cases cited, 53 Mo. App. 603; Blair v. Paterson, 131 Mo. App. 126. (4) No intendments are made in favor of affidavits of the sort nor are they favored by the courts. State v. Howard, 118 Mo. 136; State v. Nocton, 121 Mo. 554. (5) Verdicts of juries are disturbed for substantial reasons only. State v. Upton, 20 Mo. 397; Paramore v. Lindsey, 63 Mo. 67; Dysart-Cook Mule Co. v. Reed, 114 Mo. App. 296; Long v. State, 95 Ind. 486; Ayrhart v. Wilhelmy, 135 Iowa 290, 112 N. W. 782; Scott v. Reyer (Pa.), 5 Leg. Gaz. 73; Lamb v. Saltus (S. C.), 3 Brev. 130; Probst v. Brasunlich, 24 W. Va. 360.

*Metcalf, Brady & Sherman* for respondent.

(1) The appellant devotes considerable space to the well-established doctrine that a juror cannot testify as to what transpired after they had retired to consider of their verdict, and cite many decisions to sustain their contentions. This doctrine we admit, but we contend that public policy should not and does not seal the juror's lips until he enters the privacy of the jury room. Rush v. Railway, 72 N. W. (Minn.) 733, citing Thompson on Trials, sec. 2619; Peppercorn v. City, 61 N. W. (Wis.) 79; 12 Enc. Pl. and Prac., p. 559; Studley v. Hall, 22 Me. 198; Heffran v. Gallupe, 55 Me. 563; Mattox v. U. S., 146 U. S. 140, citing numerous decisions. (2) Appellant contends that the motion for new trial should have contained the allegation that the respondent and its attorney did not know of the misconduct of the juror before the verdict was returned. This is not necessary so long as the record now before this court affirmatively shows this fact. State v. Richardson, 194 Mo. 337.

BROADDUS, P. J.—This is a suit to enforce plaintiff's claim under the mechanic's lien law. A trial was had and plaintiff recovered judgment. Defendant filed a motion for new trial, which was sustained, and plaintiff appealed.

Among other things, it is alleged in the motion for a new trial, that one of the jurors named Fein while the evidence was being heard and before the case was submitted to the jury repeatedly talked about the case with other members of the jury and with outside parties, and not only discussed the evidence, but discussed matters relating to the defendant within his own knowledge and outside of the evidence in the case. The motion was sustained on the ground of the alleged misconduct of the juror. On the hearing of the motion, Allen C. Austin, one of the jurors, over the objection of plaintiff, was

allowed to testify as to what Fein said to him while sitting in the jury box and while they were together on the streets before the case was submitted to the jury. It is sufficient to say that the testimony of Austin went to sustain the grounds alleged in the motion. The plaintiff's objection to the admission of Austin's testimony was that he was not a competent witness to show the misconduct of the juror, and upon the further ground that defendant's motion for a new trial did not affirmatively show that the alleged misconduct of the juror was not discovered or known to the respondent and its counsel before the retirement of the jury.

The defendant was a corporation and was represented at the trial by Glen Sherman and W. E. Burnham. The motion was not sworn to by defendant and its counsel, and did not state that they were not aware of the prejudice of the juror before the jury retired to consider its verdict. It does appear, however, by the evidence of Mr. Sherman, one of defendant's counsel, that he was not aware of the juror's prejudice until after the verdict had been rendered.

The only question raised in this court is the legality of the action of the court in sustaining said motion for a new trial.

The defendant, to sustain its theory of the case, has relied mostly on cases decided in other jurisdictions, but, in our opinion, the decisions of the Supreme Court of this State are conclusive of the question, and, as we are bound by the latest expression of that court, it is unnecessary to discuss those of other courts. It is definitely decided in State v. Howard, 118 Mo. l. c. 136, that "The rule is that any such objection to a juror must be supported as well by the affidavit of *counsel as of client;* nothing less than this suffices." And it will be seen that the court intended to emphasize the rule by italicizing the words, counsel and client. This rule has since been adhered to by the court. [State v. Hunt, 141 Mo. 626;

State v. Richardson, 194 Mo. 1. c. 337; State v. Barrington, 198 Mo. 93; State v. Matthews, 202 Mo. 143.]

The motion, to have been effective, should have been sworn to by both defendant's counsel and the officer of the corporation who had charge of the case. There is the affidavit of no one made as to the truth of the allegations in the motion, and the motion is fatally defective in not stating that knowledge of the prejudice of the juror did not come to the defendant and its attorneys before the cause was submitted to the jury. As a rule, we are reluctant to interfere with the action of the court in awarding new trials, but we feel that it is unavoidable in this case without setting at defiance the rule as established by the Supreme Court. And it can be said in its favor that it is a salutary rule.

The cause is reversed with directions to restore the verdict and render judgment thereon. All concur.