STATE v. BRAGGIE SMITH, Appellant.—No. 39654.—194 S. W. (2d) 905.

Division Two, June 10, 1946.

60

*Don C. Carter, Norman C. Johnston* and *Luman Spry* for appellant.

*J. E. Taylor*, Attorney General, and *Richard F. Thompson*, Assistant Attorney General, for respondent.

62

■ TIPTON, J.—An information was filed in the circuit court of Randolph County charging appellant, a negro, with murder in the first degree for having killed his wife, Nellie May Smith, on March 15, 1942, in that county. Appellant's application for change of venue was sustained and the case was sent to the circuit court of Howard County. The regular judge was disqualified and the Honorable W. M. Dinwiddie of the 34th judicial circuit was called as special judge. On September 12, 1944, the jury found appellant guilty of murder in the second degree and he was duly sentenced in accordance with the verdict.

■ Appellant first contends that there is no substantial evidence to support the verdict of the second degree murder because under the evidence he could not have been convicted of a higher degree than manslaughter.

The facts relied upon by the state are as follows: Between 12:30 and 1:00 o'clock on the morning of March 15, 1942, the deceased and her daughter, Shirley Davis, went to Lum's, a negro restaurant in Huntsville where they saw appellant. Deceased and appellant began fussing. About 2:00 A. M. Shirley Davis went to the Smith home and went to bed. Appellant and his wife did not arrive there until about 5:00 A. M. They were still fussing but went to bed shortly. Shirley Davis testified that about 8 or 9 o'clock that morning they came in her room and again started fussing and arguing and then started fighting in the bedroom. Deceased ran into the kitchen and appellant went into the living room. Deceased threw an object through the door connecting the living room and kitchen which hit appellant on the leg, causing him to drop to one knee. Appellant then fired a shot from a revolver and the bullet penetrated deceased's heart. She staggered from the kitchen to the living room and fell beside a studio couch which was Shirley Davis' bed and there died.

Appellant's plea was self-defense. He testified that after deceased threw the object at him and struck him on the leg she advanced toward him with a knife in her hand and he shot in self-defense. Shirley Davis denied that her mother had a knife in her hand.

The trial court did instruct on manslaughter. Evidently the jury did not believe that the fact deceased threw an object which struck him on the leg aroused a "heat of passion" which dispelled the existence of malice. Appellant's evidence shows that he intentionally killed deceased with a deadly weapon but in self-defense which raises a presumption of murder in the second degree. Therefore, there is

substantial evidence to sustain the verdict. State v. Hogan, 352 Mo. 379, 177 S. W. (2d) 465.

▮ The next assignment of error is that the verdict was a result of prejudice and passion on the part of the jury against appellant. The record shows that during the voir dire examination of the jury panel the following transpired:

"Mr. Daniels [prosecuting attorney of Howard County]: Now, gentlemen, at the September term last year, in this case, a panel of jurors was quashed because no colored persons were on it—

"Mr. Carter (interrupting): We object to that.

"The Court: Objection sustained.

▮ "Mr. Carter: I now ask that this panel be discharged because of that statement made by Mr. Daniels.

"The Court: Overruled."

This case was originally set for June 16, 1943. On that date appellant filed a motion to quash the jury panel for the reason that no negroes were on it. The court sustained appellant's motion and discharged the panel. In appellant's motion for a new trial he contends that his motion to discharge the jury panel when the case was first called for trial so inflamed the inhabitants of Howard County that he could not get a fair trial in that county; that he "used every available method to have the cause continued from time to time thereafter until the prejudice would more or less subside or die out, and the cause was not heard until the September Term, 1944. That immediately on the voir dire examination of the jury, the prosecuting attorney of Howard County, Missouri, evidently with the intention of reviving the prejudice in the minds of the inhabitants of Howard County, Missouri," made the above statement. Affidavits were filed in support of the motion for a new trial.

"Discharging a jury and declaring a mistrial for improper remarks or statements made by attorneys during the progress of a trial rests largely in the discretion of the trial court." State v. Raines, 333 Mo. 538, 62 S. W. (2d) 727, l. c. 728.

The court promptly sustained appellant's objection. Moreover, the statement, "we object to that," is so general as to constitute no valid objection. The trial court's attention must be called to the specific grounds upon which the objection is based. The objection made is wholly insufficient to preserve the point for review and the trial court properly overruled the request to discharge the jury panel.

▮ Nor do we think that the affidavits filed with the motion for a new trial change the situation. Appellant knew of the alleged prejudice and should have made the objection to cover this point. We are not impressed with the statements in the affidavits to the effect that counsel used every available method to get the case continued after the motion to quash the jury panel was sustained for the reason that the record shows that the case was continued twice on

account of the serious illness of R. M. Bagby, one of appellant's attorneys, and once on account of the illness of the prosecuting attorney.

Since there were no counter-affidavits filed, those filed in support of appellant's motion for a new trial might have been of some value had they contained information obtained after the trial of the case was started. For this reason this case is distinguishable from the case of State v. Connor, 252 S. W. 713, relied upon by appellant. Nor did the court err in failing to reprimand the prosecuting attorney for making the remark with reference to quashing the previous panel for the reason that it was not requested to do so. State v. Raines, supra.

Shirley Davis testified to the effect that appellant tried to bribe her to testify that deceased had a knife in her hand and that he offered her money to go to Colorado so she would not testify against him. Appellant contends that this testimony is erroneous for the reason that it tends to show him guilty of a separate and distinct crime. Evidence to show that an accused has attempted to fabricate or procure false evidence or destroy evidence against him is always admissible as showing consciousness of guilt. State v. Mathews, 202 Mo. 143, 100 S. W. 420. "Evidence of the fact of an attempted subornation is admissible as an admission by conduct that the party's cause is an unrighteous one." Fulkerson v. Murdock, 53 Mo. App. 151, 1. c. 154. See also State v. Howe, 287 Mo. 1, 228 S. W. 477. We think this evidence was properly admitted and the fact that there was a bribery charge against this appellant pending in the circuit court of Randolph County does not change this rule.

Appellant's next assignment of error is that "the court erred in refusing and failing to reprimand the prosecuting attorney for asking the defendant on cross examination if he had ever been convicted of adultery. And for asking the defendant ▇▇▇▇ how soon after his wife died had he started looking at other women. And the court erred in failing to discharge the jury for such prejudicial conduct on the part of the prosecuting attorney."

When appellant was asked if he had ever been convicted of adultery the trial court promptly sustained his objection. The court also sustained the objection to the question, "How soon after your wife died did you start looking for another woman?" By promptly sustaining appellant's objection to these questions the trial court put its stamp of disapproval upon that line of questions. The court did not abuse its discretion in not reprimanding the prosecuting attorney or in refusing to discharge the jury. Since the court sustained the objections appellant was not prejudiced thereby.

Appellant says "the court erred in permitting the prosecuting attorney, on cross examination of the defendant, to ask him why he

didn't retreat when his wife attacked him.'' This assignment is without merit since the court sustained appellant's objection to that question. Nor was it error for the prosecuting attorney to say, in his closing argument, ''All he had to do was to go out of the front door and leave the house if he didn't want to kill his wife,'' because there was no objection made to the statement.

■ James Robinson was a witness for appellant. He was asked to tell of deceased's disposition as to drinking intoxicating liquor in excess. The court sustained the state's objection to this question. Then appellant made an offer that if permitted to testify the witness ''would say that deceased drank intoxicating liquor to excess during the last two or three years of her life, and was very quarrelsome and turbulent when she was under the influence of intoxicating liquor.'' This offer was denied and we think rightly so for the reason that when the offer was made there was no evidence that deceased was under the influence of intoxicating liquor. There was some evidence by the next witness, Will Minor, to the effect that deceased was under the influence the night before she was killed, but appellant did not renew his offer. Under the record we find no error in the court's ruling.

■ Appellant's last assignment of error is that the court did not define the phrase, ''not in the necessary defense of his person,'' in instruction number three, the instruction on manslaughter. Instruction number four properly defined appellant's right of self-defense and since all instructions should be read together we think that by reading these two instructions the jury properly understood the above phrase.

From what we have said, it follows the judgment should be affirmed. It is so ordered. All concur.