**STATE of Missouri, Respondent,**

**v.**

**Robert Joe MASON, Appellant.**

**No. 51203.**

Supreme Court of Missouri,

Division No. 1.

Oct. 11, 1965.

Norman H. Anderson, Atty. Gen., Jefferson City, Wilbur L. Pollard, Sp. Asst. Atty. Gen., North Kansas City, for respondent.

Austin F. Shute, Kansas City, for appellant.

WELBORN, Commissioner.

Robert Joe Mason was charged by information and convicted of robbery in the first degree in the Jackson County Circuit Court. The jury fixed the punishment at five years' imprisonment. After motion for new trial had been overruled, defendant appealed to this court.

Because of the issue raised on this appeal, only a brief recital of the facts is necessary. Two state's witnesses, a Mrs. Miller and a Mrs. Ladd, employees of one Southern Pride Doughnut Shop located in Kansas City, identified Mason as one of two men who entered the store on February 23, 1964. The man other than Mason carried a gun which he pointed at Mrs. Miller and ordered her to give him her money. The order was obeyed and the two men left with approximately $25.00 taken from the cash register.

On this appeal the sole matter presented as grounds for reversal of the conviction relates to testimony by the state's witnesses, Mrs. Miller and Mrs. Ladd, and by a police officer who investigated the offense. All testified that, following the preliminary hearing in Jackson County Magistrate Court, the defendant, who was seated on one side of the counsel table, leaned across the table and said to Mrs. Miller, seated on the other side: "I will get you before they try me." On this appeal, the appellant contends that this testimony constituted evidence of another offense committed by the defendant not directly tending to prove his guilt of the crime for which he was prosecuted and that its admission was prejudicial error.

However, it has long been recognized that evidence of threats by the defendant against witnesses against him may be produced in order to establish his guilt on the original charge.

In State v. Mathews, 202 Mo. 143, 100 S.W. 420, evidence that the defendant had threatened the prosecuting witness was held admissible against the objection that it was evidence of another crime. In holding that there was no error in the admission of such evidence, the court stated (202 Mo. 148, 100 S.W. 421):

" * * * This evidence was, we think, properly admitted for the purpose of showing an attempt upon the part of the defendant, by promises and threats, to dissuade or prevent the prosecuting witness from appearing against him.

"The defendant having resorted to unfair means to defeat the ends of justice, he must suffer the consequences. In Fulkerson v. Murdock, 53 Mo.App. l. c. 154, it is said: 'Evidence of the fact of an attempted subornation is admissible as an admission by conduct that the party's cause is an unrighteous one.'

"In Underhill on Crim.Ev., sec. 121, it is said: 'Evidence to show that the accused has attempted to fabricate or procure false evidence, or destroy evidence against himself, * * * is always admissible as showing a consciousness of guilt.' [State v. Alexander, 119 Mo. [447,] 461, [24 S.W. 1060.] ]"

See also State v. Smith, 355 Mo. 59, 194 S.W.2d 905; 2 Wigmore on Evidence (3rd ed.), §§ 277–278, pp. 119–120.

Appellant here argues that the alleged threat may well not have indicated guilt; that it might have been the remark of an angry innocent man. We find no such ambiguity in the remark attributed to appellant as would preclude its consideration by the jury as bearing upon the guilt of the appellant.

We find no error in the record matters which we have examined pursuant to Supreme Court Rule 28.02, V.A.M.R.

The judgment is affirmed.

HOUSER and HIGGINS, CC., concur.

PER CURIAM.

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

All of the Judges concur.