Howard Harley HULSTINE, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 13977.

Missouri Court of Appeals, Southern District, Division Three.

Dec. 3, 1985.

Motion for Rehearing or to Transfer to Supreme Court Denied Dec. 16, 1985.

Howard Harley Hulstine, pro se.

William L. Webster, Atty. Gen., Carrie Francke, Asst. Atty. Gen., Jefferson City, for respondent.

GREENE, Judge.

On May 21, 1976, Howard Harley Hulstine and Roger Winningham were charged with capital murder, § 565.001,[1] repealed in 1984, for the deliberate premeditated killing of Carl Fancher. On July 12, 1977, an amended information was filed. On the same day, Hulstine entered a plea of guilty, after being advised by the trial court that the amended information charged him with first degree murder, and was sentenced to life imprisonment.

On January 28, 1982, Hulstine filed a pro se 27.26 motion seeking to vacate his sentence because of alleged ineffective assistance of trial counsel. Counsel was appointed, and after the motion was twice amended to include additional reasons to vacate the sentence, an evidentiary hearing was held, following which the motion court made findings of fact and conclusions of law, and entered judgment denying the motion. This appeal followed.

Our review is limited to a determination of whether the motion court's findings, conclusions, and judgment are clearly erroneous, Rule 27.26(j), keeping in mind that Hulstine had the burden of proving his grounds for relief by the preponderance of the evidence. Rule 27.26(f).

■ We also note that when Hulstine entered his guilty plea, he waived all claims of error, except to the extent that such errors affected the voluntariness and understanding with which the plea was made. *Shelley v. State*, 655 S.W.2d 126, 127 (Mo.App.1983).

In his appeal, Hulstine first contends that the motion court erred in finding that he received effective assistance of trial counsel because his counsel knew the individual Hulstine was accused of killing, and therefore had a conflict of interest. The attorney had requested to withdraw as Hulstine's counsel, because of his acquaintance with the victim, but his request was denied by the trial court. The motion court, in its findings and conclusions, noted that while Hulstine's trial attorney had known the man who had been murdered, such acquaintance did not, in any way, cause him to represent movant any less than to the best of his ability.

■ The transcript of the guilty plea proceeding shows that when the trial judge asked Hulstine whether he had any complaint about the way his attorney had handled his case, his answer was "[n]o objection at all, he has done a fine job." After examining the entire record and consider-

---

1. Unless otherwise indicated all references to rules are to Missouri Rules of Court, V.A.M.R., and all references to statutes are to RSMo 1978, V.A.M.S.

ing the testimony adduced at the evidentiary hearing, the motion court found that Hulstine's trial counsel exercised the customary skill and diligence that any reasonably competent attorney would have exercised under similar circumstances, and denied Hulstine's claim that his trial counsel was ineffective. These findings and conclusions are supported by the record and are not clearly erroneous.

Hulstine also claims that the amended felony information to which he entered a guilty plea was fatally defective because it "fails to state the name and the degree of the charge appellant was allegedly to have committed or to setforth [sic] the Criminal Statute that was allegedly violated or to setforth [sic] the Statute that of which fixes punishment upon conviction...."

The amended information charged that Hulstine:

> premeditatedly, deliberately, and of malice aforethought in the perpetration of or in the attempt to perpetrate robbery of one Carl Fancher but without a premeditated intent to cause death of the said Carl Fancher or a particular individual, make an assault upon one Carl Fancher with a loaded pistol, and then and there, wilfully, unlawfully, feloniously, premeditatedly, deliberately and of malice aforethought did discharge and shoot said pistol upon the body of the said Carl Fancher thereby feloniously inflicting a mortal wound upon the said Carl Fancher, from which mortal wound Carl Fancher did die on April 28, 1976.

■ No question regarding the validity of the information was raised by Hulstine prior to his guilty plea, but since the sufficiency of an information is jurisdictional, it may be raised for the first time in a post-conviction proceeding. *Blackmon v. State*, 639 S.W.2d 127, 128 (Mo.App.1982). Even so, a collateral attack on a judgment and sentence made by reason of an alleged defective indictment or information cannot be successful unless the indictment or information is so obviously defective that by no reasonable construction can it be said to charge the offense for which the movant

was convicted. *Franklin v. State*, 655 S.W.2d 561, 563 (Mo.App.1983).

■ Rule 23.01(b)(4, 5) requires that the information cite the section of the statutes alleged to have been violated and the section of the statutes which fixes the punishment therefor, as well as state the name and degree of the offense charged, none of which was done in this case. However, a defect does not invalidate an information unless it prejudices the substantial rights of the defendant. Rule 23.11.

■ The test of the sufficiency of an indictment or information is whether it contains all the essential elements of the offense as set out in the statute and clearly apprises the defendant of the facts constituting the offense so as to enable him to prepare a defense to the charge, and to bar future prosecution for the same offense. *State v. Strickland*, 609 S.W.2d 392, 395 (Mo. banc 1980).

■ The information here does exactly that. The text of the information sets out the elements of the first degree murder statute in effect at the time of trial, former § 565.003, repealed in 1984, which read:

> Any person who unlawfully kills another human being without a premeditated intent to cause the death of a particular individual is guilty of the offense of first degree murder if the killing was committed in the perpetration of or in the attempt to perpetrate arson, rape, robbery, burglary, or kidnapping.

The failure of the information to set out the statutory sections alleged to have been violated and fix the punishment as required by Rule 23.01 was not prejudicial to Hulstine, as the trial court read the charge to him, told him it was a charge of first degree murder, and explained that punishment upon conviction would be life imprisonment. Hulstine responded that he understood the charge and knew he would receive a life sentence if he pled guilty. He was advised of, and understood, the nature of the offense with which he was charged. His claim that the information charging him with first degree murder was

fatally defective has no merit. *See State v. Mitchell*, 611 S.W.2d 223, 225–26 (Mo. banc 1981); *Emmons v. State*, 621 S.W.2d 329, 330 (Mo.App.1981).

The motion court also concluded that Hulstine entered his guilty plea to the first degree murder charge knowingly, voluntarily, and intelligently, with a full understanding of the nature of the charge, the range of punishment, and of all his legal and constitutional rights. This conclusion is supported by the record and is not clearly erroneous.

Judgment affirmed.

CROW, P.J., and FLANIGAN, MAUS and PREWITT, JJ., concur.