**STATE of Missouri,
Plaintiff–Respondent,**

v.

**Larry C. HOGAN, Defendant–Appellant.**

**No. 53070.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 16, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 23, 1988.

Application to Transfer Denied May 17, 1988.

William Webster, Atty. Gen., Karen A. King, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

KELLY, Judge.

Larry C. Hogan appeals his conviction by a jury of rape; § 566.030 RSMo 1986. He was sentenced by the court as a persistent offender to twenty-five years imprisonment to be served consecutively with another sentence imposed in St. Louis County. We affirm.

The sufficiency of the evidence is not challenged. Viewed in the light most favorable to the state, the record reveals the following facts.

Simone Smittie, the 13 year old victim, was visiting her aunt, Margaret Motley, in June of 1986. At that time, Ms. Motley was engaged to appellant.[1]

On June 21, 1986, appellant and Simone drove to the riverfront in St. Louis City. At approximately 11:30 p.m., they drove back to St. Louis County and parked at Leafcrest and Missouri Bottoms in a secluded wooded area. Appellant asked if he could kiss Simone. Appellant began kissing Simone and told her to get in the back seat. Appellant pulled down her pants and placed his penis in her vagina. Simone asked the appellant to stop but he continued. She then told appellant to stop a second time because she was in pain. At that point appellant did stop. He then removed his penis from her vagina. Appellant drove Simone back to her aunt's home. When they arrived home, appellant and Margaret Motley had an argument, and Ms. Motley called the police.

The next morning, Ms. Motley told Simone to take a bath and wash her underclothing. Simone was examined by a doctor at Lindell Hospital Central Medical Center. A rape kit was prepared. A pelvic examination revealed a small tear in the lower part of the external vagina and bruising of the hymen ring, approximately an inch and a half into the vagina. Sperm was found on the vaginal smear and on Simone's underpants. At the hospital, Si-

Jeanene Moenckmeier, St. Louis, for defendant-appellant.

---

1. On December 29, 1986, Ms. Motley married the appellant and is now Margaret Hogan.

mone was interviewed by Officer Theodore Heistler. Appellant was arrested shortly thereafter.

Officer Heistler questioned appellant following his arrest. Prior to asking any questions, Officer Heistler read appellant his *Miranda* rights. Appellant indicated verbally that he understood his rights. He then initialed each statement included in the *Miranda* warnings and signed the waiver form. During the questioning following his arrest, appellant acknowledged that he penetrated Simone's vagina approximately one to one and one-half inches with his penis. Appellant made both an oral and a taped statement.

Prior to trial, the appellant moved to suppress both his oral and recorded statements on the grounds that the statements were made under coercion and duress, that appellant was not advised of his constitutional rights, and that the arrest was unlawful. At trial, both the oral and recorded statements of appellant were, over objection, admitted into evidence, and the tape recorded statement was played for the jury.

Appellant first contends that the trial court erred in denying appellant's motion to suppress his statement, in failing to sustain appellant's objections to admission of his statement at trial, and in allowing the tape to be played to the jury. Appellant argues that he did not read the *Miranda* form in its entirety and that he did not understand the elements of the charge of statutory rape.

The crime of statutory rape, § 566.030(3) RSMo 1986, occurs when a person:

has sexual intercourse with another person to whom he is not married who is less than fourteen years of age.

"Sexual intercourse" is defined in § 566.010, subd. 1(1) RSMo 1986 as:

*Any* penetration, *however slight*, of the female sex organ by the male sex organ, whether or not an emission occurs. (emphasis added).

■ In the present case, during the interview with Officer Heistler, appellant indicated that he could only place an inch or one and one-half inches of his penis in Simone's vagina because she was in pain. Appellant was evidently unaware that no force is required to be found guilty of rape if the victim is less than fourteen years of age. Appellant seems to argue that had he been informed of the elements of statutory rape, he would not have given his statement. Therefore, appellant concludes that his confession was involuntary because he did not realize at the time of the statement that statutory rape could be committed without the use of force, and that he did not realize that he was confessing to a crime.

■ The evidence before us indicates that appellant's statement was fully voluntary. Appellant gave the statement freely, knowingly and voluntarily. A *Miranda* Warning and Waiver Form was explained point for point, and appellant initialed each point. He signed the waiver and thereafter made both an oral and recorded statement. At the suppression hearing, appellant testified during cross-examination that he understood he had waived his rights:

PROSECUTING ATTORNEY: So you understood you had a right not to say anything, but and [sic] you elected to say [something] anyway?

APPELLANT: Yeah.

PROSECUTING ATTORNEY: And you [understood] this particular statement could be used in court, but you elected to make a statement anyway?

APPELLANT: Yeah, that's true.

The state met its burden to prove appellant's statement was voluntary by showing the appellant was informed of his constitutional rights prior to the statement and that he understood those rights. *State v. Boyer*, 646 S.W.2d 876, 870–880[3] (Mo. App.1983). *Miranda* does not require law enforcement officers to educate defendants about the law prior to a defendant making a confession. *Miranda* only requires law enforcement officers to advise a defendant of his right to consult with an attorney, whose obligation it is to advise the defendant of the legal consequences of any statements he may make. However, if the defendant knowingly waives his *Miranda*

rights, it is not the role of the police officer to act as defendant's defense counsel.

Here, appellant waived the right to remain silent or have counsel, when after he was given his *Miranda* warnings, he made a voluntary, uncoerced statement. *See State v. Olds*, 569 S.W.2d 745, 751[4] (Mo. banc 1978); *State v. Boyer*, 646 S.W.2d 876, 879[3] (Mo.App.1983). We find no trial court error in failing to suppress appellant's statements.

■ Appellant next contends that the trial court erred in allowing the tape recording containing his confession to be played a second time for the jury during deliberations.

The jury retired to deliberate about 2:10 p.m. Approximately one hour later, the jury sent a note to the court requesting a transcript of appellant's statement. The court responded, "I cannot furnish the transcript of appellant's statement. You will be guided by the evidence as you heard and remember it." The jury then asked to hear the confession tape. The court again denied the request. At 3:10 p.m., the jury sent a note to the court which read, "We are concerned that the exhibits are not available to us, specifically the tape." The court then met with the attorneys, and ultimately decided to bring the jury back to the courtroom where all the exhibits would be displayed for the jury to view, and the tape would be played one more time.

■ Appellant argues that playing the statement a second time unduly highlighted and emphasized the importance of the tape. We note at the outset that the decision whether to allow exhibits to be taken to the jury room is a matter of discretion for the trial judge. *State v. Williams*, 643 S.W.2d 3, 4[1] (Mo.App.1982); *State v. Stewart*, 615 S.W.2d 600, 606[6] (Mo.App.1981); *State v. Jordan*, 532 S.W.2d 776, 782[4] (Mo.App.1975).

In *State v. Evans*, 639 S.W.2d 792 (Mo. banc 1982), the Supreme Court held that the trial court did not err in permitting the jury to hear, during deliberation, a tape recording of the defendant's confession. Although the recording had been introduced into evidence, and a witness had testified as to its contents, the recording itself had not been played before the jury during the presentation of evidence.

In the case at bar, the confession tape had previously been played in open court. We find no error in permitting the jurors to listen to the tape recording on the ground of repetition or undue emphasis. The trial court retained control of the jury's exposure to appellant's confession by asking the jury to return to the courtroom to play the tape recording only once during deliberations. Furthermore, the jury was free to examine all the exhibits admitted into evidence, lessening the emphasis on the tape. We find that the trial court did not abuse its discretion by allowing the jury to hear appellant's taped confession one more time during deliberations when it had previously been played in open court. Accordingly, appellant's second point is denied.

Next, appellant argues that the trial court erred in failing to instruct the jury on the offenses of attempted rape and sexual abuse in the second degree as a lesser included offense of rape. At trial, instructions on these offenses were offered on behalf of appellant but were refused by the court.

■ The test to be applied to determine whether an offense is a lesser included offense is the statutory elements test. If the greater of two offenses encompasses all the legal and factual elements of the lesser, the greater includes the lesser. *State v. Boschert*, 693 S.W.2d 128, 129[2] (Mo.App.1985); *State v. Van Doren*, 657 S.W.2d 708, 715[10] (Mo.App.1983). The greater offense must include all the elements of the lesser included offense. *State v. Smith*, 592 S.W.2d 165, 165–166[2] (Mo. banc 1979). A lesser offense is not included in a greater offense unless it is impossible to commit the greater offense without first committing the lesser. *State v. Fleming*, 528 S.W.2d 513, 515[4] (Mo. App.1975).

■ We initially address whether sexual abuse in the second degree is a lesser included offense of rape. We rely on the recent Supreme Court decision of *State v.*

*Fields*, 739 S.W.2d 700 (Mo. banc 1987). In *Fields*, the Supreme Court held that sexual abuse in the second degree is not a lesser included offense of rape. *Id.* at 703. Therefore, the trial court properly refused to instruct the jury on the offense of sexual abuse in the second degree.

■ Appellant also argues that an instruction for attempted rape is proper because appellant denied that he penetrated the victim, and therefore he did not take a "substantial step" toward the commission of the crime of rape. *See* § 564.011, subd. 1(1) RSMo 1986.

However, the evidence in this case clearly refuted an instruction on attempted rape. Officer Heister testified that during questioning following appellant's arrest, appellant acknowledged that he penetrated Simone's vagina approximately one to one and one-half inches. Simone testified that appellant penetrated her with his penis. Additionally, a pelvic examination revealed bruising approximately one and one-half inches into the vagina and sperm was found on the vaginal smear. As such, appellant's actions constituted "sexual intercourse" as defined in § 566.010, subd. 1(1) RSMo 1986. Accordingly, the trial court did not err in refusing to instruct the jury on the offense of attempted rape.

Appellant next contends that the trial court lacked jurisdiction when it entered judgment and sentence against appellant, because in the indictment, the victim's name is spelled Simone "Smitters" instead of Simone "Smittie." The indictment reads as follows:

> The Grand Jurors of the County of St. Louis, State of Missouri, charges that the defendant in violation of Section 566.030 R.S.Mo., committed the Class B Felony of rape, punishable upon conviction under Section 558.011.1(2) R.S.Mo., in that, on or about Sunday, June 22, 1986 at approximately 12:30 a.m. at Missouri Bottom Road & Leafcrest, in the county of St. Louis, State of Missouri, the defendant had sexual intercourse with Simone Smitters, to whom defendant was not married, and who was then less than fourteen years old;

Appellant alleges that the identity of the victim is an essential element of the charging instrument, and that the misspelling of the victim's name renders the indictment void.

■ The test of the sufficiency of an indictment or information is whether it contains all the essential elements of the offense as set out in the statute and clearly apprises the defendant of the facts constituting the offense so as to enable him to prepare a defense to the charge, and to bar future prosecution for the same offense. *State v. Strickland*, 609 S.W.2d 392, 395[7] (Mo. banc 1980); *Hulstine v. State*, 702 S.W.2d 120, 122[6] (Mo.App.1985). A defect does not invalidate an information unless it prejudices the substantial rights of the defendant. Rule 23.11.

■ It is clear that the misspelling of the victim's last name did not prejudice appellant because it is unrefuted that he was aware of the identity of his fiance's niece. Appellant acknowledged that on June 22, 1986, he and Simone were together at approximately 12:30 a.m. at Missouri Bottom Road and Leafcrest, in the County of St. Louis. The misspelling of Simone's last name clearly did not deprive appellant of the ability to prepare a defense to the charge of rape. Appellant's claim that the indictment charging him with rape was fatally defective has no merit.

■ Finally, appellant contends that the trial court erred in admitting testimony of Simone as to a phone call she received from appellant and appellant's wife, in which appellant suggested that Simone not testify. Appellant contends this testimony was proof of other crimes and was therefore inadmissible. Appellant further argues that the prejudicial and inflammatory nature of the evidence outweighs its probative value. We disagree.

> Evidence of threats by an accused toward a witness against him may be adduced in order to establish his guilt on the original charge. *State v. Corlew*, 463 S.W.2d 836, 839–40[5] (Mo.1971); *State v. Mason*, 394 S.W.2d 343, 344[2] (Mo.1965). Such evidence is admissible

as showing a consciousness of guilt. *Mason,* 394 S.W.2d at 344; *State v. Berry,* 526 S.W.2d 92, 100–01 (Mo.App.1975). Evidence that an accused attempted to procure false evidence is likewise admissible as showing consciousness of guilt. *State v. Stapleton,* 518 S.W.2d 292, 297 (Mo. banc 1975); *State v. Smith,* 355 Mo. 59, 64, 194 S.W.2d 905, 907[6] (1946). *State v. Chunn,* 701 S.W.2d 578, 585[5] (Mo.App.1985).

In the instant case, Simone testified that appellant told her that she "shouldn't come to court," which clearly implies that appellant was attempting to keep the victim from testifying. Since the evidence showed consciousness of guilt, the admission of evidence was proper. Accordingly, appellant's final point is denied.

The judgment of the trial court is affirmed.

KAROHL, P.J., and SMITH, J., concur.