Prentiss SCOTT, Movant–Appellant,

v.

STATE of Missouri, Respondent–Respondent.

No. 53501.

Missouri Court of Appeals, Eastern District, Division One.

March 8, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 6, 1988.

Application to Transfer Denied May 17, 1988.

Beverly A. Beimdiek, St. Louis, for movant-appellant.

William L. Webster, Atty. Gen., Christopher M. Kehr, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

REINHARD, Judge.

Movant appeals from the denial of his Rule 27.26 motion without an evidentiary hearing. He was convicted of attempted first-degree burglary and was sentenced to two years' imprisonment. We affirm.

In his amended motion, movant alleged his guilty plea was involuntary due to his attorney's failure to locate and depose the victim to determine whether or not the victim intended to prosecute the offense. The motion court found he was not entitled to any relief because he "failed to allege facts not refuted by the record showing that his plea was rendered involuntary due to the alleged actions or inactions of his attorney," and it denied his motion.

Movant contends the court erred in denying his motion without an evidentiary hearing. He argues the facts alleged in his claim are not refuted by the record.

Our review is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 27.26(j); *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App.1986). The motion court's findings and conclusions are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Richardson*, 719 S.W.2d at 915.

■ To be entitled to an evidentiary hearing on a Rule 27.26 motion, the movant must allege facts, not conclusions, which, if true, would warrant relief; the allegations of fact must not be refuted by the record; and the matters complained of must have resulted in prejudice to the movant's de-fense. *Thomas v. State*, 736 S.W.2d 518, 519 (Mo.App.1987).

■ After a plea of guilty, the effectiveness of counsel is relevant only to the extent it affects the voluntariness of the plea. *Armour v. State*, 741 S.W.2d 683,-688 (Mo.App.1987).

■ At the guilty plea hearing, movant admitted he was apprehended while using a crowbar to open the rear door of a house in Hillsdale, Missouri, on Sunday, October 28, 1984, at about 6:50 a.m.

The guilty plea court fully questioned movant about his guilty plea and his understanding of his rights. Movant had been convicted previously at least once. He was pleading guilty pursuant to a plea agreement with the state, which the court followed. He stated no one made any promises to him other than the prosecuting attorney's promise to recommend a two-year sentence, to run consecutive to a prior sentence. He said that his attorney had not refused to comply with his requests, that he had no complaints or criticism of his attorney, and that he was satisfied with counsel's service. Further, *movant said he was not aware of any witnesses he believed his attorney should have contacted in the preparation or defense of his case that his attorney did not contact.* He indicated he pled guilty voluntarily and of his own free will because he was guilty of the offense. Movant's statement that he was not aware of any witness counsel should have contacted but did not was sufficient to refute the contention in his motion.

Furthermore, movant's allegation that counsel failed to depose the victim is insufficient to warrant relief because he does not allege what evidence could have been adduced to aid his case. *See Young v. State*, 721 S.W.2d 69, 70 (Mo.App.1986). He does not allege that the victim was an eyewitness or that the victim's testimony would have provided essential evidence. As was stated in *State v. Hardy*, 735 S.W.2d 153, 155 (Mo.App.1987), "the fact that he [the victim] did not intend to prosecute the defendant does not tend to prove or

disprove any of the elements of the crime of attempted burglary in the second degree." The decision to prosecute is not that of the victim.

The motion court's findings and conclusions are not clearly erroneous.

Judgment affirmed.

GARY R. GAERTNER, P.J., and CRIST, J., concur.