Otis David LUCIOUS, Appellant,

v.

STATE of Missouri, Respondent.

No. 54760.

Missouri Court of Appeals,
Eastern District,
Division Six.

Oct. 11, 1988.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Nov. 9, 1988.

Application to Transfer Denied
Dec. 13, 1988.

Gingeree E. Williamson, Clayton, for appellant.

William L. Webster, Atty. Gen., Elizabeth Levin Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

CARL R. GAERTNER, Judge.

Movant appeals the trial court's denial, without an evidentiary hearing, of his Rule 27.26 motion. We affirm.

Movant was convicted of second degree murder and sentenced to ten years imprisonment, following a guilty plea, on April 5, 1985. No appeal was filed. Movant had originally been charged with capital murder, but the charge was amended pursuant to a plea agreement.

Movant then filed a *pro se* Rule 27.26 motion alleging three points of ineffective assistance of counsel, two points of court error, and one point of prosecutorial error. Movant claimed counsel was ineffective due to counsel's: 1) failure to obtain a psychiatric evaluation of movant to determine movant's state of mind at the time of the murder; 2) failure to assert the defense of self-defense and 3) failure to make appropriate pre-trial motions regarding discovery and suppression of evidence. The points alleging court error stated that the court: 1) misinformed movant as to the range of punishment for the charge, and 2) failed to order a psychiatric evaluation of movant. The points alleging prosecutorial error stated that the prosecution: 1) failed to order a psychiatric evaluation of movant, and 2) failed to properly state the degree of the felony as amended.

The motion court denied the motion without hearing. The court concluded that: 1) the charge and range of punishment had been properly stated; 2) neither defense counsel, prosecution nor the judge erred in failing to order a psychiatric examination, because movant took no action that would put his mental capacity in issue and 3) movant failed to allege how counsel's further investigation of a claim of self-defense would have assisted movant's case, and appropriate pre-trial motions were heard and overruled. The court further concluded that all of movant's claims were refuted in the record.

On appeal, movant asserts one general point, that his guilty plea was involuntary because counsel advised him to plead guilty and "go along with the court". Movant argues that if granted an evidentiary hear-

**530**

ing he will demonstrate the involuntariness of his guilty plea and the ineffectiveness of his counsel. However, his brief is devoid of specific detail regarding such a demonstration.

We affirm the trial court. In none of the seven points contained in movant's motion did he raise a claim of involuntariness of his guilty plea. His appointed counsel expressly declined to file an amended motion after consultation with movant. An issue not raised in a Rule 27.26 motion is not preserved for review on appeal. *Campbell v. State*, 748 S.W.2d 834 (Mo.App.1988); *Battle v. State*, 745 S.W.2d 730, 734 (Mo. App.1987). Movant, in his brief, stated that he indicated in his motion that counsel advised him to plead guilty and "go along with the court". We have reviewed the entire legal file and are unable to find any reference to such an allegation.

In his brief movant made a second attempt to establish a claim of involuntariness, stating that he now realizes counsel's performance was deficient, thereby rendering his plea involuntary. However in movant's three points alleging ineffective assistance of counsel, he failed to allege any facts that would indicate either ineffective counsel or an involuntary guilty plea. Facts, not conclusions, are required. *Scott v. State*, 749 S.W.2d 14, 15 (Mo.App.1988).

Had movant properly raised the issue of coercion in his motion, the result would be the same, as any question of coercion is refuted in the record of the guilty plea hearing, wherein movant indicated that no threats or promises had been made to movant, and movant was satisfied with counsel's performance. *Anderson v. State*, 747 S.W.2d 281, 284 (Mo.App.1988).

AFFIRMED.

GRIMM, J., and SIMEONE, Senior J., concur.