**Larry C. HOGAN, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 55866.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Aug. 15, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 13, 1989.

Application to Transfer Denied
Nov. 14, 1989.

Dave Hemingway, St. Louis, for appellant.

William L. Webster, Atty. Gen., Ronald L. Jurgeson, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

Movant, Larry Hogan, was convicted by a jury of rape, § 566.030 RSMo 1986. He was sentenced as a persistent offender to twenty-five years imprisonment to be served consecutively with a seven year sentence imposed on an unrelated attempted burglary charge. This court affirmed conviction in *State v. Hogan*, 748 S.W.2d 766 (Mo.App.1988).

On June 30, 1988, movant filed a pro se Rule 29.15 motion. Movant claims the motion court erred in denying his request for an evidentiary hearing. In his 29.15 motion movant claims ineffective assistance of counsel on three grounds of nonfeasance: (1) failure to introduce into evidence the psychological environment in which the confession was obtained and to impeach officer's testimony; (2) failure to introduce into evidence that the victim was testifying under coercion; and, (3) failure to advise movant of the elements of the crime charged. We affirm.

In order to be entitled to an evidentiary hearing on a 29.15 motion, movant must plead facts, which if true, would entitle him to relief, and which are not refuted by the record. *Scott v. State*, 749 S.W.2d 14, 15 (Mo.App.1988). Movant must also show the matters complained could have contributed to the conviction, i.e., were prejudicial. *Id.*

Our review of dismissal of motion for post-conviction relief ruling is limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous. Rule 29.15(j); *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc 1989). The findings and conclusions are clearly erroneous only if review of the entire record leaves an impression that a mistake has been made. *Id.*

Although movant asserts three grounds for his motion, they all fall within the ambit of ineffective assistance of counsel. In order to prove ineffective assistance of counsel, movant has the burden of proving trial counsel failed to exercise the customary skill and diligence a reasonably competent attorney would perform under the circumstances, and as a result of trial counsel's lack of skill and diligence, he was prejudiced. *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987). If the movant fails to satisfy one prong we need not consider the other. *Id.*

Movant first claims his counsel was ineffective because he failed to: (a) introduce into evidence the psychological environment in which Officer Heistler obtained movant's incriminating statement; and, (b) impeach Heistler with Heistler's deposition statement that he introduced the word "penetration" during the interrogation without explaining it. Movant claims trial counsel was ineffective because he failed to cross-examine Heistler concerning the fact that Heistler testified in a pretrial hearing to the following:

> [Defense Counsel] Did you tell him [movant] that you just wanted to get his side of the story?
> A. Yes, I did.
> Q. Okay. That you'd already talked to Peaches [victim] and had her side?
> A. Yes, Ma'am.
> Q. And you just wanted his side?
> A. Yes.

Movant asserts he was "tricked" into making his statement on the assurance of Officer Heistler the statement would not be used against him. Movant further asserts that had the jury learned of this testimony, and of the trickery, the jury would have seen the motivation for movant to give a false statement to satisfy the police. This court on direct appeal held movant gave his statement freely, knowingly and voluntarily. *Hogan,* 748 S.W.2d at 768. For this reason alone this point fails. Movant could not establish ineffective assistance where the evidence was held admissible. *See, Seltzer v. State,* 694 S.W.2d 778, 780 (Mo. App.1985).

Further, movant's claims are incompatible. First, movant implies he told the truth in the statement because if he had thought his statement was going to be used against him, not just for comparative purposes, he would not have given the statement. But no such assurance was given merely because movant was allowed to tell his version of the events. Next movant argues the jury would have concluded from the above testimony that he gave a false statement if the jury had been made aware that his statement was made for the limited purpose of comparison with the other state-

ment. The argument he gave a false, incriminating statement to support Peaches' statement is improbable.

In addition, the statement was not untrue and counsel's failure to impeach Officer Heistler did not result in prejudice to the movant. Movant in his oral statement admitted he had attempted to have sexual intercourse with the complaining witness but said he did not effect complete penetration. The jury could have reasonably inferred from this statement what movant has never denied, that some penetration had occurred. Movant's first claim is denied.

Movant's second claim is trial counsel failed to question and thus impeach the complaining witness regarding coercion she received to testify against her will. To be entitled to an evidentiary hearing, movant must plead facts, not conclusions. *Curtis v. State,* 759 S.W.2d 860, 862 (Mo.App. 1988). Movant has plead a conclusion. Movant's motion does not allege any facts which would support the allegation and demonstrate that the complaining witness would have testified to any circumstances indicating she was coerced into testifying. The motion does not allege the testimony of the witness was untruthful because of coercion.

Finally, movant claims counsel was ineffective for failure to inform him of the elements and proof required for statutory rape. Movant alleges his attorney failed to inform him, "the slightest amount of penetration would suffice to establish rape, and that, as a result, his decision to bypass the plea bargain offered prior to his first trial was not intelligently made." Prior to December 29, 1986, movant was offered twenty years to run concurrently with his other sentence in exchange for a guilty plea. Movant declined the offer against the advice of his attorney. On December 29, 1986, the state withdrew their initial offer and replaced it with a twenty-five year offer. Movant's subsequent, first trial did not result in a conviction. Thereafter the court appointed new counsel. Movant was convicted after his second trial.

Movant's claim is defective for two reasons. First, movant has no constitutional right to a plea bargain. Rule 27.26 [now 29.15] relief exists to correct constitutional and other serious errors, *Hudson v. State*, 552 S.W.2d 244, 246 (Mo.App.1977), where manifest injustice results. Failed plea negotiations did not violate any constitutional right or render the conviction unjust. Second, movant's claim assumes the court would have accepted movant's plea. Movant had no assurance the court would have accepted his guilty plea. Even where a plea agreement has been reached by the parties, "the court may accept or reject the agreement...." Rule 24.02(d). Moreover, Officer Heistler testified that the statutory rape law was explained to movant before movant made his recorded statement. For the above reasons, movant was not prejudiced by his counsel's alleged nonfeasance. Therefore, this claim also fails.

For all the foregoing reasons, we find movant was not entitled to an evidentiary hearing.

Judgment affirmed.

PUDLOWSKI, P.J., and CRANDALL, J., concur.